# In the United States Court of Federal Claims

No. 16-912L and
No.16-1565L and No. 18-375 Consolidated
(Filed: August 13, 2018)

| | |
|---|---|
| PERRY LOVERIDGE, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE UNITED STATES, )<br><br>Defendant. )<br><br>* * * * * * * * * * * * * * * * * * * * )<br><br>ALBRIGHT, et al., )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE UNITED STATES, )<br><br>Defendant. )<br> | Rails-to Trails; Fifth Amendment Takings; Oregon Law, Easement; Fee Simple |

*Steven M. Wald*, St. Louis, MO, for *Loveridge* plainitffs. *Michael J. Smith*, St. Louis, MO and *Thomas S. Stewart* and *Elizabeth G. McCulley*, Kansas City, MO, of counsel.

*Mark F. Hearne, II*, Clayton, MO, for *Albright* plaintiffs. *Maghan S. Largent*, *Lindsay S.C. Brinton*, and *Stephen S. Davis*, Clayton, MO and *Abram J. Pafford*, Washington, D.C., of counsel.

*Barbara M.R. Marvin*, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., with whom was *Jeffrey H. Wood*, Acting Assistant Attorney General, for defendant. *Ragu-Jara* Gregg, Washington, D.C., of counsel.

**O P I N I O N**

**FIRESTONE**, *Senior Judge*

## I.   Introduction

Pending before the court are cross-motions for partial summary judgment filed pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC") by the plaintiffs in *Loveridge v. United States* ("*Loveridge* plaintiffs"), the plaintiffs in *Albright v. United States* ("*Albright* plaintiffs"), and the United States ("the government").[1]

The *Loveridge* plaintiffs and the *Albright* plaintiffs claim in their motions that the government affected a taking of their reversionary interests in land within a dormant rail corridor when the government approved the conversion of an approximately eighty-one mile long portion of a dormant railroad line between Tillamook County and Washington County, Oregon to create a recreational trail pursuant to the National Trail System Act Amendments of 1983, 16 U.S.C. § 1247(d) ("Trails Act"). The plaintiffs contend in their motions that the deeds from their predecessors-in-interest granted only easements to the railroad which terminated when the railroad became dormant.  If the deeds granted easements, plaintiffs argue that after the rail line became dormant the property within the corridor reverted back to plaintiffs and that conversion of the rail corridor gave rise to a taking of their reversionary interests in the rail corridor.

---

[1] *Loveridge v. United States* and *Albright v. United States* both involve the same rail corridor in Oregon and overlapping deeds but the cases involve different plaintiffs and there is different counsel in each case.  For these reasons, the cases have not been consolidated.  Nonetheless, because the cases concern the same segment of railroad line and involve many of the same deeds the court is issuing a single opinion.

The government argues that the deeds at issue should be read to have conveyed the property within the rail corridor to the railroads in fee simple absolute. If the railroads received a fee interest in the corridor, the plaintiffs have no revisionary interest subject to a taking. In the alternative, the government contends that any easements granted to the railroad were broad enough to encompass trail use. In this opinion the court will only address whether the deeds in dispute conveyed an easement, as plaintiffs contend, or a fee, as the government contends.

## II.    The Rails to Trails Act

The statutory and legal backdrop to Rails-to-Trails cases was recently summarized by the Federal Circuit in *Chicago Coating Co., LLC v. United States*, 892 F.3d 1164, 1165-68 (Fed. Cir. 2018). As the Federal Circuit explains, under the Trails Act, the United States Surface Transportation Board ("STB") has issued regulations regarding the abandonment and discontinuance of service over railroad lines. *See* 49 C.F.R. §§ 1152.1–1152.60. A railroad, to abandon or discontinue service over a rail line, must file an application for abandonment or discontinuance with the STB under 49 U.S.C. § 10903 or a notice of exemption under 49 U.S.C. § 10502 and 49 C.F.R. § 1152.50. Under either procedure, the STB will not approve the abandonment of the railroad line under either procedure if a "qualified trail provider" ("a state, political subdivision, or qualified private organization") submits to the STB a request to use the rail corridor for interim trail use and railbanking under 16 U.S.C. § 1247(d) ("section 1247(d)"). *See* 49 U.S.C. § 1152.29. If the qualified trail provider submits a statement of willingness to assume financial and legal responsibility to the STB and the railroad carrier, the STB will, in

situations involving an operating railroad, issue a Certificate of Interim Trail Use or

Abandonment ("CITU"), which preserves the STB's jurisdiction over the railroad

corridor while the parties negotiate an interim trail use agreement.  49 U.S.C. §

1152.29(c).  In situations involving the exemption procedure, the STB will issue a Notice

of Interim Trail Use ("NITU"), which also preserves the STB's jurisdiction over the

railroad corridor, allows the railroad to discontinue its operations, permits the railroad to

remove equipment and railroad track, and provides the railroad and the qualified trail

provider 180 days to negotiate an interim trail use agreement.  49 U.S.C. § 1152.29(d).

During this time, the railroad will also negotiate an agreement for the transfer of the rail

corridor to the trail operator.  If an agreement is reached, the CITU or NITU

automatically authorizes the interim trail use.  If the STB takes no further action, the trail

sponsor may then assume management of the former railroad corridor, subject only to the

right of a railroad to reassert control of the property for the restoration of rail service.  If,

on the other hand, an agreement is not reached, the railroad will be allowed to abandon

the railroad line, at which time the STB's jurisdiction over the railroad corridor

terminates.  Section 1247(d) provides that interim trail use "shall not be treated, for

purposes of any law or rule of law, as an abandonment of the use of such rights-of-way

for railroad purposes."  16 U.S.C. § 1247(d).  Thus, the property remains within the

national rail system and available for reactivation of rail service for the duration of the

interim trail use. *Chicago Coating*, at 1167.  The Federal Circuit has explained that

section 1247(d) of the Trails Act "prevents the operation of state laws that would

otherwise come into effect upon abandonment—property laws that would 'result in

extinguishment of easements for railroad purposes and reversion of rights of way to abutting landowners.'"  *Caldwell v. United States*, 391 F.3d 1226, 1229 (Fed. Cir. 2004) (quoting *Rail Abandonments—Use of Rights–of–Way as Trails*, Ex Parte No. 274 (Sub–No. 13), 2 I.C.C.2d 591, 1986 WL 68617 (1986)).

Under the Takings Clause of the Fifth Amendment, private property cannot "be taken for public use, without just compensation."  U.S. Const. Amend. V.  According to the Federal Circuit, "[i]t is settled law that a Fifth Amendment taking occurs in Rails–to–Trails cases when government action destroys state-defined property rights by converting a railway easement to a recreational trail, if trail use is outside the scope of the original railway easement."  *Ladd v. United States*, 630 F.3d 1015, 1019 (Fed. Cir. 2010), *reh'g denied*, 646 F.3d 910 (Fed. Circ. 2011).  *See also Chicago Coating*, at 1167, 1170.  A Fifth Amendment taking occurs when "the issuance of the CITU or NITU authorizing recreational trail use effectively extinguishes the state property rights of reversion of the right-of-way to the fee owner."  *Macy Elevator, Inc. v. United States*, 97 Fed. Cl. 708, 718 (2011).  *See also Caldwell v. United States*, 391 F.3d 1226, 1228 (Fed. Cir. 2004) ("a Fifth Amendment taking occurs when, pursuant to the Trails Act, state law reversionary interests are effectively eliminated in connection with a conversion of a railroad right-of-way to trail use."); *Chicago Coating*, 1169-70 at *4 ("In order to prove a compensable taking based on the issuance of a NITU, a claimant must prove that 'state law reversionary interests [in the property at issue] are effectively eliminated in connection with a conversion of a railroad right-of-way to trail use.'" (quoting *Caldwell*, 391 F.3d at 1228)).  Determining whether taking liability arises in a Rails-to-Trails case involves

addressing a three-part inquiry: "(1) who owns the strip of land involved, specifically, whether the railroad acquired only an easement or obtained a fee simple estate; (2) if the railroad acquired only an easement, were the terms of the easement limited to use for railroad purposes, or did they include future use as a public recreational trail (scope of the easement); and (3) even if the grant of the railroad's easement was broad enough to encompass a recreational trail, had this easement terminated prior to the alleged taking so that the property owner at the time held a fee simple unencumbered by the easement (abandonment of the easement)." *Ellamae Phillips Co. v. United States*, 564 F.3d 1367, 1373 (Fed. Cir. 2009) (citing *Preseault v. United States*, 100 F.3d 1525, 1533 (Fed. Cir. 1996) ("*Preseault II*")). *See also Chicago Coating*, 1169 at *4. Thus, in Rails-to-Trails cases, "the threshold question is whether the claimant has a compensable property interest in the land allegedly taken, which is often answered by analyzing the original deeds that conveyed the property to the railroad." *Chicago Coating*, 1170 at *2.

## III. Factual Background

At issue in these cases are 132 deeds that in the early 1900s transferred property interests to railroad companies in order to create the above-referenced 81.07 mile long portion of the railroad line located between milepost 775.01 near Banks, Oregon and milepost 856.08 near Tillamook, Oregon. Specifically, the interests were deeded to the Pacific Railway and Navigation Company and the Southern Pacific Company. Eventually, the Port of Tillamook Bay Railroad ("POTB") obtained ownership of the relevant portion of the railroad line.

On May 26, 2016, the Port of Tillamook Bay Railroad filed a Notice of Intent to Partially Terminate (Abandon) Service for the railroad segment at issue here with the STB. On or about June 17, 2016, the Salmonberry Trail Intergovernmental Agency ("Salmonberry Trail") filed with the STB a Statement of Willingness to Assume Financial Responsibility ("Statement") regarding the relevant railroad segment at issue in this case. In its Statement, in addition to expressing its willingness to assume responsibility for the relevant railroad segment, the Salmonberry Trail stated that the relevant railroad segment "is suitable for railbanking" and requested that the STB find the railroad segment suitable for trail use and issue a Public Use Condition and a Certificate or Notice of Interim Trail Use under the National Trails System Act, 16 U.S.C. §1247(d).

On July 1, 2016, the POTB filed with the STB its response to the Salmonberry Trail's request and expressed its willingness to negotiate with the Salmonberry Trail regarding the acquisition of the relevant railroad segment. On July 26, 2016, the STB issued a Notice of Interim Trail Use ("NITU") for the relevant railroad segment. On January 19, 2017, the STB granted the Salmonberry Trail's request for a 180-day extension of the NITU until July 21, 2017 for negotiating the trail use/railbanking agreement. Eventually, after another extension, the POTB and the Salmonberry Trail on October 27, 2017, notified the STB that they entered into a trail use/rail banking agreement regarding the relevant railroad segment.

## IV.    Procedural Posture

The present actions were filed by the *Loveridge* plaintiffs on August 1, 2016 and by the *Albright* plaintiffs on November 23, 2016. *See Loveridge v. United States*, No.

1:16-cv-00912-NBF, ECF No. 1; *Albright v. United States*, No. 1:16-cv-01565-NBF, ECF No. 1.

On September 22, 2017, the government and the *Loveridge* plaintiffs filed Joint Stipulations Regarding Title Matters ("*Loveridge* Joint Stipulations").  *See Loveridge*, ECF No. 24.  The *Loveridge* plaintiffs filed their motion for partial summary judgment and their memorandum in support of their motion for summary judgment on October 10, 2017.  The *Albright* plaintiffs filed their motion for partial summary judgment and memorandum in support on November 2, 2017.  On December 12, 2017, the government filed the same cross-motion and response for both cases.

Briefing on the motions was completed on April 9, 2018, and on April 19, 2018, the court, in an effort to help expedite resolution of the numerous legal issues raised regarding the 132 deeds at issue, filed, under seal, a statement of preliminary conclusions and findings for the parties to consider and address before the scheduled oral argument. *See Loveridge*, ECF No. 46; *Albright*, ECF No. 48.  The court received the parties' objections to the court's preliminary conclusions and findings on May 3, 2018 and on May 7, 2018, the court filed under seal an order setting forth the points of agreement and disagreement between the parties.  *See Loveridge*, ECF No. 49; *Albright*, ECF No. 51.

As set forth in that order, the parties agree that the following 18 deeds[2] granted fee simple interests to the railroad: Alderman 11/614 (Def.'s Ex. 2); Bryden 74/274 (Def.'s Ex. 13); Coates 5/486 (Def.'s Ex. 22); Cone 7/339 (Def.'s Ex. 23); Edner 35/282 (Def.'s

---

[2] Deeds are listed as Name Book/Page (Exhibit Number).  Unless otherwise indicated, the exhibits are those attached to the Def.'s Brief.

Ex. 34); Erickson 36/557 (Def.'s Ex. 36); Fry 74/243 (Def.'s Ex. 38); Handley 21/99

(Def.'s Ex. 47); Hauxhurst 11/330 (Def.'s Ex. 55); Hobson 7/39 (Def.'s Ex. 57);

Illingworth 7/164 (Def.'s Ex. 58); Johnson 11/353 (Def.'s Ex. 60); Kunze & Gubser

13/15 (Def.'s Ex. 68); Murphy 11/283 (Def.'s Ex. 78); Parks 11/329 (Def.'s Ex. 82); Pike

(Pacific Lodge) 7/81 (Def.'s Ex. 84); Provoost 7/21 (Def.'s Ex. 89); and Seamon 11/285

(Def.'s Ex. 99).  Eventually, plaintiffs claiming a taking based on these deeds will have to

be dismissed from the case.

The parties also agree that the following 12 deeds conveyed only easements to the

railroad: Alley 9/537 (Def.'s Ex. 4); Brighton Mills Co. 58/292 (Def.'s Ex. 10);

Cummings 79/381 (Def.'s Ex. 26); Denni 75/372 (Def.'s Ex. 29); Hammond Lumber Co.

23/308 (Def.'s Ex. 46); Kilches River Co. 31/228 (Def.'s Ex. 64); Kinney 13/196 (Def.'s

Ex. 65); Larsen 5/133 (Def.'s Ex. 70); Miami Lumber Co. 27/440 (Def.'s Ex. 77)[3];

Smith, Alfred 13/313 (Def.'s Ex. 102); Tucker 12/331 (Def.'s Ex. 112); and Whitney Co.

Ltd. 7/84 (Def.'s Ex. 124).  *See* Def.'s Br. at 23–24; Pls.' *Loveridge* Br. at 37–38; Oregon

Landowners' Reply in Supp. Cross-Mot. Partial Summ. J. ("Pls.' *Albright* Reply") at 6–7,

*Albright*, ECF No. 46.  *See also Loveridge* Joint Stipulations.  The government

additionally agrees that the easements conveyed by eleven of these twelve source deeds

(all except the Brighton Mills Co. 58/292 deed) "are limited to railroad purposes" and

therefore "railbanking and trail use are outside the scope of the easements" that these

eleven deeds conveyed to the railroad.  The plaintiffs claiming a taking based on these

deeds will continue in the litigation.

---

[3] The parties do not address the deed in their motions.

Oral argument on the parties' cross-motions for partial summary judgment with regard to the 102 deeds remaining in contention was heard on May 9, 2018.

## V.   Summary Judgement Standards

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that movant is entitled to judgment as a matter of law."  RCFC 56(a).  A genuine dispute is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor, and a material fact is one that could affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 331 (1986).  To establish a genuine issue of material fact, a party "'must point to an evidentiary conflict created on the record; mere denials or conclusory statements are insufficient.'"  *Radar Indus., Inc. v. Cleveland Die & Mfg. Co.*, 424 Fed. App'x 931, 936 (Fed. Cir. 2011) (quoting *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1116 (Fed. Cir. 1985)).  In evaluating motions for summary judgment, courts must draw any inferences from the underlying facts in the light most favorable to the non-moving party and may not engage in credibility determinations or weigh the evidence.  *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  If no rational trier of fact could find for the non-moving party, a genuine issue of material fact does not exist and the motion for summary judgment may be granted.  *Matsushita Elec. Indus.*, 475 U.S. at 587.  With respect to cross-motions for

summary judgment, courts must evaluate each motion on its own merits and resolve reasonable inferences against the party whose motion the court is considered. *Marriot Intern. Resorts, L.P. v. United States*, 586 F.3d 962, 968–69 (2009).

## VI.   Oregon Law

As discussed above, Rails-to-Trails takings cases arise from the application of section 8(d) of the National Trails System Act (the "Trails Act") as amended by the National Trails System Act Amendments of 1983 and codified at 16 U.S.C. § 1247(d) and liability for a taking occurs when "a claimant . . . prove[s] that 'state law reversionary interests [in the property at issue] are effectively eliminated in connection with a conversion of a railroad right-of-way to trail use.'" *Chicago Coating*, 1170 at *4 (quoting *Caldwell*, 391 F.3d at 1228)).  To determine whether there has been a taking requires the court "to apply the law of the state where the property interest arises." *Id.* at *5 (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Preseault II*, 100 F.3d at 1536).  In these cases, Oregon law applies.

Under Oregon law, the task of the court is to ascertain the intent of the original parties by considering the language of the deed in its entirety and the surrounding circumstances. *See, e.g.*, *Bouche v. Wagner*, 293 P.2d 203, 208 (Or. 1956) ("Whether an instrument conveys ownership of land or only an easement depends upon the intention of the parties." (quotation marks and citation omitted)); *Doyle v. Gilbert*, 469 P.2d 624, 626 (Or. 1970) ("It is [the court's] duty, therefore, to determine the intent of the parties from the language of the deed itself and from the surrounding circumstances."); *U.S. Nat. Bank of La Grande v. Miller*, 258 P. 205, 209 (Or. 1927) ("it is the duty of the court to give

effect to the intention of the parties in a deed as to other contracts.  This intention must be

gathered from the entire instrument.  In order to determine the intention of the parties, it

is the duty of the court to consider 'the circumstances under which it was made, including

the situation of the subject of the instrument, and of the parties to it, * * * so that the

judge be placed in the position of those whose language he is to interpret.'" (citations

omitted)).

Oregon law provides that that "the intention to convey less than the full fee must

be clearly expressed or necessarily implied from the words used in the conveyance."

*Bouche v. Wagner*, 293 P.2d 203, 208 (Or. 1956) (citing *Weniger v. Ripley*, 293 P. 425

(Or. 1930)).  In *Bernards v. Link*, 284 P.2d 341 (Or. 1952) and *Bouche v. Wagner*, 293

P.3d 203 (Or. 1956), the Oregon Supreme Court has identified eight factors to examine in

determining whether a deed which does not expressly state the nature of the interest

conveyed should be read to have conveyed an easement or a fee simple interest to a

railroad.  These factors are: (1) whether the deed is entitled "Right of Way Deed" or uses

"right of way" in the title of the deed, which would imply that only a "right" or easement

was granted to the railroad; (2) whether the phrase "right of way" is used in the body of

the deed to describe the interest being conveyed, which would indicate only a "right"

rather than a fee was conveyed; (3) whether the consideration paid for the interest was

nominal, which if nominal would suggest that an easement was conveyed; (4) whether

the deed contains a reverter clause; (5) whether the deed uses the phrase "over and

across" (or "over and across and out") the lands of the grantors, which would indicate

that a right to cross the land or an easement was conveyed; (6) whether the property

interest conveyed is described with without precision, which if described without precision would weigh in favor of construing the deed as an easement; (7) whether the deed contains a commitment by the railroad to build structures, such as fences, cattle guards, or crossings, which would favor finding an easement; and (8) whether the deed uses the phrase "strip of land" to describe the interest being conveyed, which would indicate that the deed conveyed an easement to the railroad. *See Bernards v. Link*, 248 P.2d 341, 343 (Or. 1952); *Bouche v. Wagner*, 293 P.2d 203, 209 (Or. 1956). This court has previously applied these criteria in another Rails-to-Trails case involving Oregon property owners. See *Boyer v. United States*, 123 Fed. Cl. 430, 437 (2015).

The government argues that two of the factors taken from the *Bernards* opinion regarding the construction of structures such as fences, crossings, or cattle guards and referencing the interest being conveyed as a "strip of land" may no longer be relevant to determining whether a fee or easement was granted because the Oregon Supreme Court in the later issued *Bouche* decision "failed to mention" those two factors, even though it "specifically reiterated" the other six factors identified in *Bernards*. The court has read *Bouche* and *Bernards* and concludes that *Bouche* cannot be read to have rejected the relevance of those two factors in all situations. Rather, the issue of fencing did not appear to be relevant in relation to the particular deeds examined in the *Bouche* case. As for use of the phrase "strip of land," the court agrees with the government that the phrase standing alone will not be sufficient to establish the intent to convey only an easement, as the Oregon Supreme Court stated that "'[c]onveyances to railroads, which purport to grant and convey a strip, piece, parcel, or tract of land, and which do not contain

additional language relating to the use or purpose to which the land is to be put or in other ways cutting down or limiting, directly or indirectly, the estate conveyed, are usually construed as passing an estate in fee.'" *Bouche*, 293 P.2d at 209 (quoting 132 A.L.R. 145).[4]

In examining the deeds remaining in dispute, the court recognized that virtually all of the 102 disputed deeds, like most of the ones agreed upon by the parties, used phrases like "strip of land" and "through the land" in the body of the deed and also described the property conveyed with similar degrees of specificity. As such, the court has determined that these factors are of limited value in discerning intent. Rather, as the *Bouche* court stated, the court has focused its analysis on whether the deed contains language that can be fairly read as limiting the railroad's use of the estate conveyed to only a "right." Thus, in deciding whether the deed conveyed only an easement for a right of way and not a fee, the court has focused on whether the deed uses the phrase "right of way" in the title or text to describe the estate granted, contains language limiting the railroad's use of the property for only a railroad purpose or requiring the property to be returned if no longer used for railroad purposes, provides for only nominal consideration, and requires the railroad to provide and maintain crossings, fences or other edifices which would also indicate that only an easement was conveyed.

## VII.   Deeds

---

[4] Indeed, the plaintiffs have agreed that 18 deeds with the phrase "strip of land" and use the words similar to "across" or "through" when describing property conveyed a fee interest in the rail corridor. The government has also agreed that deeds which describe the property with a degree of precision convey an easement.

1.      The Alley 5/475 Deed

The **Alley 5/475 deed (Def.'s Ex. 3)** provides in pertinent part:

> Know all Men by These Presents : [sic] That for and in consideration of the sum of $15.00 to them in hand paid, the receipt whereof is hereby acknowledged[,] Olivia Alley and Lee M. Alley, her husband, do hereby grant, bargain, sell and convey to the Pacific Railway and Navigation Company, and to its successors and assigns forever, that portion, triangular in shape, of the lands owned by them in Lot 2, Sec. 21, T.1 N.R. 10 West W. M., included in a strip 100 ft. in width being 50 ft. on each side of the center line of the Pacific Railway and Navigation Company's Railway, as now surveyed and located thru the lands owned by them, and being that portion thereof north of the north line of the County Road, as said County Road is now situate and located, said center line of said Pacific Railway and Navigation Company's railway being more particularly described as follows:
> * * * [Description] * * *
> Together with the tenements, hereditaments and appurtenances thereunto belonging or in any way appertaining:
> To Have and to Hold unto the said Pacific Railway and Navigation Company and to its successors and assigns forever; together with the right to build, maintain and operate thereover a railway and telegraph line.

The plaintiffs contend that this deed conveyed only an easement on the grounds that the deed specifically references a purpose–"the right to build, maintain and operate thereover a railway and telegraph line" and because it references "thru the lands" owned by the grantor. The plaintiffs argue that under the *Bernards/Bouche* criteria these phrases establish that an easement for railroad purposes was granted.

The government argues that the deed should not be construed as granting an easement simply because it uses the phrase "thru the lands" and confirms the railroad's right to build a railroad on the property.  The government argues that where, as here, the deed does not reference a right of way either in the title or body of the deed the phrase "thru the lands" simply describes the location of the property conveyed.  The government

15

further argues that the language authorizing the "right to build, maintain and operate thereover a railway. . . line," does not limit the railroad's use of the conveyance but instead confirms the rights inherent in the fee conveyance.  For these reasons, the government argues the court should read the deed as conveying a fee simple interest to the railroad.

First, the court finds that the phrase "together with the right to build, maintain and operate thereover a railway and telegraph line" while identifying a railroad purpose does not limit the railroad's use.   As will be discussed *infra* in this opinion, there are deeds where the language "together with the right to build a railroad" is preceded with language clearly stating that a "fee simple absolute" interest was granted. Moreover, the quoted language does not limit the railroad's rights to only construction and operation a railway line.  Rather, the subject language confirms the railroad's right to construct a rail line without limitation.

Therefore, based on the court's understanding of the language discussed above, and because the consideration payed was not nominal ($15), the court finds that without any mention of the phrase "right of way", nor any commitment by the railroad to build structures such as crossings, cattle guards, or fences, the **Alley 5/475 deed (Def.'s Ex. 3)** conveyed fee simple title to the railroad.[5]

    2.    The Batterson 12/163 Deed

---

[5] Having concluded that the phrase "through the property" or "strip of land" are not helpful where all deeds include that language, the court will not address that language in connection with any of the disputed deeds unless the language is critical to its analysis. Similarly, the court will not address whether the property conveyed is described with precision, because all of the deeds describe the property conveyed with some degree of precision.

The **Batterson 12/163 deed (Def.'s Ex. 5)** provides in pertinent part:

S. M. Batterson          et al                                    Railway Deed.
to                                                                NO. 7948.
Pacific Railway and Navigation Co.

      KNOWN ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of Eight [sic] Hundred & 00 DOLLARS, [sic] the receipt whereof is hereby acknowledged, we, S M. Batterson [sic] and Harriet E. McMaine, sole heirs at law of William Batterson, deceased, and Pauline O. Batterson wife of said S. M. Matterson, hereinafter called the grantors, do hereby bargain, sell, grant[,] convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

      "A strip of land one hundred (100) feet wide being fifty (500 [sic] feet on each side of the center line of the railway of the grantee, as the same is surveyed and located through Lots 4, 6 and 7 and the North West quarter of South East quarter of Section 34 and LOt [sic] 6 of Section 35, in Township 3 North of Range nine West of Willamette Meridian.

      Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

      TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.

      The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The *Albright* plaintiffs argue that this court should consider the **Batterson 12/163 deed** and similar deeds entitled "Railway Deeds" to have conveyed easements under *Bouche/Bernards* criteria because the title indicates that the property is to be used for a railway purpose.  The plaintiffs also contend that the subject deed meets three other *Bouche/Bernards* criteria that suggest the conveyance of an easement.  Specifically, the *Albright* plaintiffs argue that the language in the deeds stating "as surveyed and located [through/across/on the grantor's land]" language or similar language confirms that only

an easement was granted to the railroad because this language indicates that the railroad had begun the condemnation process to acquire the property for the rail line. According to the plaintiffs, since these deeds were executed under the "threat of condemnation[,]" the deeds do not represent "arms-length" transactions between the parties. In addition the plaintiffs argue that the deeds can only be for an "easement," because railroads could only obtain easements using their condemnation authority under Oregon law. Oregon law at the time, the *Albright* plaintiffs assert, "limited the interest the railroad could obtain by exercising [its eminent domain] power to an easement." Pls.' *Albright* Resp. at 21 (citing *Oregon Railway and Navigation Co. v. Oregon Real Estate Co.*, 10 Or. 444 (1882); Redfield on Railways § 61, ¶ 5, p. 221).

The government responds that there are no Oregon cases to suggest that a deed entitled "Railway Deed" cannot convey a fee or cases to suggest that only an easement was intended where the deed indicates that the railroad had likely begun condemnation proceedings by surveying the subject property. The government emphasizes that courts in Oregon have previously examined deeds that contained "surveyed" language and did not find that such language indicated that only an easement was conveyed. To the contrary, the Oregon Supreme Court determined that a deed which conveyed, for $650, property on which the railroad's track had already been "located and established" conveyed a fee simple title to the railroad, when the language of the deed as a whole indicated the parties' intent to convey a fee. *See Bouche*, 293 P.2d at 206, 210.

The court agrees with the government. In *Bouche,* the Supreme Court of Oregon determined that a railroad can acquire fee simple title to narrow strips of land that had

18

been surveyed by the railroad.  The Oregon Supreme Court in *Bernards* examined a deed conveying a strip of land that stated that "'[s]aid strip of land shall be taken substantially along the line as now surveyed and staked as a line for a railroad by said grantee or its agents and servants, over and across said land"' and never suggested that this language meant that only an easement was intended. *Bernards*, 199 Or. at 248 P.2d at 342 (emphasis added).  For all of these reasons the court finds that the term "Railway Deed" and the fact that the subject property was surveyed and staked does not indicate that an easement rather than a fee was conveyed.

The court finds with regard to this deed that that the absence of any "right of way" language or language indicating that the interest conveyed is limited to railroad purposes, the fact that the railroad is not required to build fencing or crossings, and that $800 in consideration was paid by the railroad all weigh in favor of finding that the parties intended to convey a fee interest to the railroad.  The court thus holds that the **Batterson 12/163 deed (Def.'s Ex. 5)** granted fee simple title to the railroad.

    3.    The Bay City Land Co. 3/629 Deed

The **Bay City Land Co. 33/629 deed (Def.'s Ex. 6)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of $1.00 to it in hand paid, the receipt whereof is hereby acknowledged, and other valuable consideration moving to it, Bay City Land Company, hereinafter called the grantor, does bargain, sell, grant and convey to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:
    Block 12 of First Water Front Addition to Bay City;   also
    A strip of land one hundred feet in width, being fifty feet on each side of and parallel with the center line of the grantee's railway running, or

to run, from Hillsboro to Tillamook, as constructed through the following described real property in the County of Tillamook and State of Oregon, to wit:

        * * * [Describing the property through which the strip conveyed runs] * * *

        Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

        TO HAVE AND TO HOLD to the grantee and to its successors and assigns forever; confirming to the grantee likewise the right to build, maintain and operate a railroad over the property granted as aforesaid, and to construct a freight and passenger station on Block 12, of the First Water Front Addition to Bay City.

For the reasons previously discussed in connection with the **Alley 5/475 deed**, the court finds that the language confirming the right to build a railroad does not limit the railroad's use to only railroad purposes.  Even though the amount of consideration is nominal ($1.00), the deed does not contain the phrase "right of way" in the title or body of the deed nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  Therefore, the court finds the language of the deed as a whole, the court finds that the **Bay City Land Co. 33/629 deed (Def.'s Ex. 6)** granted fee simple title to the railroad.

    4.    The Beals (Tr.) 18/40 Deed

The **Beals (Tr.) 18/40 deed (Def.'s Ex. 7)** provides in pertinent part:

F.R. Beals, Trustee
        to                            11135     Railway Deed
Pacific Railway + Navigation Co
        Know All Men by These Presents: That for and in consideration of the sum of One and 00/100 Dollars, [sic] the receipt whereof is hereby acknowledged, F R. Beals, Trustee, hereinafter called the grantors, [sic] do [sic] bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors

and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:

"A strip of land sixty (60) feet wide being thirty (30) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lot three of Section thirty two in Township two North of Range ten West of the Willamette Meridian.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

To have and to hold unto the above named grantee and unto its successors and assigns forever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does.  Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Beals (Tr.) 18/40 deed (Def.'s Ex. 7)**, conveyed fee simple title to the railroad.

5.     The Beals Land Co. 18/41 Deed

The **Beals Land Co. 18/41 deed (Def.'s Ex. 8)** provides in pertinent part:

Beals Land Company
       to                                   11136     Right of Way Deed
Pacific Railway + Navigation Co

Know All Men by These Presents: that for and in consideration of the sum of One [sic] + 00/100 Dollars, the receipt whereof is hereby acknowledged, Beals Land Company, a corporation duly organized and existing under and by virtue of the laws of the State of Oregon, hereinafter called the grantors, [sic] do [sic] hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:

21

"A strip of land sixty (60) feet wide being thirty (30) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lot two of Section thirty two in Township two North of Range ten West of the Willamette Meridian, save and except a certain tract heretofore conveyed by Beals Land Company to Security Savings and Trust Company.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

To Have and to Hold unto the above named grantee and to its successors and assigns forever.

The grantors above named do covenant that they are seized of the aforesaid premises in fee simple, and that the same are free from all incumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

Although the language in the two Beals deeds are not identical, the parties make similar arguments. This deed, however, is labeled as a "Right of Way Deed" and in such circumstances it is treated differently under the *Bouche* and *Bernards* cases than if it was entitled "Railway Deed". The court recognizes that use of the phrase "Right of Way Deed" is not dispositive on discerning the parties' intention; however, it weighs in favor of finding an easement if other indicia are present in the deed. Here the only indicia is that there was only nominal consideration ($1) paid by the railroad. The deed does not mention any railroad purpose nor does it require the railroad to build structures such as crossings, cattle gaurds, or fences. Therefore, the court finds that the **Beals Land Co. 18/41 deed (Def.'s Ex. 8)** conveyed a fee to the railroad.

6.      The Bigelow 13/321 Deed

The **Bigelow 13/312 deed (Def.'s Ex. 9)** provides in pertinent part:

Know All Men by These Presents: That for and in consideration of the sum of $1.00 to them in hand paid, the receipt whereof is hereby acknowledged, Mary M. Bigelow and Jay W. Bigelow, her husband,

hereinafter called the grantors, do bargain, sell, grant, convey and confirm
to Pacific Railway and Navigation Company, hereinafter called the grantee,
and to its successors and assigns forever, all of the following described real
property situate in the County of Tillamook and State of Oregon, to wit:

A strip of land 100 feet in width, being 50 feet on each side of and
parallel with the center line of the grantee's railway as the same is
surveyed, located and staked out through the Southeast quarter of the
Southeast quarter of Section 32, in Township 3 North of Range 9 West of
Willamette Meridian, and containing eighty-four hundredths of an acre[.]

Together with the appurtenances, tenements and hereditaments
thereunto belonging or in anywise appertaining

To Have and to Hold to the grantee and to its successors and assigns
forever.

This deed is executed for the purpose of correcting an informality in
a previous deed executed by the above named grantor, Mary M. Bigelow,
without the joinder of her husband.

Even though the amount of consideration is nominal ($1), without any "right of

way" language in the title or body of the deed, and no mention of a railroad purpose, nor

any requirement for the railroad to build structures such as crossings, cattle guards, or

fences, the court finds that the **Bigelow 13/312 deed (Def.'s Ex. 9**), conveyed fee simple

title to the railroad.

7.     The Brinn 6/328 Deed

The **Brinn 6/328 deed (Def.'s Ex. 11)** provides in pertinent part

KNOW ALL MEN BY THESE PRESENTS:  That foR [sic] and in
consideration of the sum of $150.00 to them in hand paid, the receipt
whereof is hereby acknowledged, G. A. Brinn and Annie Brinn, his wife,
do hereby grant, bargain, sell and convey to the Pacific Railway and
Navigation Company, and to its successors and assigns forever, all that
portion of the land owned by them embraced in a strip of land 100 ft. wide,
being 50 ft. on each side of the center line of the Pacific Railway and
Navigation Company's Railway, as now surveyed, located and adopted thru
the lands of the aforesaid G. A. and Annie Brinn, in Lots 1- 2- 3- 4- 5- 6- 7-
and 8, [sic] Block "A", [sic] Plat of East Garibaldi, Sec. 21, T. 1 N. R. 10
W., W.M., said center line being more particularly described as follows:
     * * * [Description] * * *

> Together with the tenements, hereditaments, and appurtenances thereunto belonging or in anywise appertaining;
> TO HAVE AND TO HOLD unto the Pacific Railway and Navigation Company, and to its successoRs [sic] and assigns forever; together with the right to build, maintain and operate thereover a railway and telegraph line.

For the same reasons as discussed above regarding the **Alley 5/475 deed**, the court finds that the language confirming that the right to build a railroad does not limit the railroad's use to only railroad purposes.  Here, the amount of consideration is not nominal ($250), there is no "right of way" language in the title or body of the deed, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  Therefore, the court finds **Brinn 6/328 deed (Def.'s Ex. 11)**, conveyed fee simple title to the railroad.

8.     The Bryden 74/273 Deed

The **Bryden 74/273 deed (Def.'s Ex. 12)** is a form deed that provides in pertinent part:

> Know all Men by these Presents, *That*
> James Bryden and Addie Bryden , [sic] his wife and John Stewart and Clara Stewart, his wife
> of              xxxxxxxx          *State of Oregon, in consideration of*
>               Twenty Two [sic] and 05/100 ($22.05)                DOLLARS,
> *to*         them *paid by* Pacific Railway and Navigation Company
> *of*   Portland , Multnomah [sic]      *County* xx     *State of Oreg*on * * *
> * * * * * *have bargained and sold, and by these presents do grant, bargain, sell and convey unto said*
> Pacific Railway Navigation Company[,] its successors
> * * * *and assigns, all the following bounded and described real property, situated in the County of Washington and State of Oregon:*
>               A strip of land one hundred (100) feet wide being fifty (50) feet on each side[]of the center line of the Pacific Railway and Navigation Company's Railway <u>as surveyed, located and adopted</u> across W$\frac{1}{2}$ [sic] of N. W [sic] $\frac{1}{4}$ Sec. 29, T. P. 3 N. R. 4 W. W. M.  described as follows:

Beginning at a point on the east line of W$\frac{1}{2}$ of NW$\frac{1}{4}$ 685 feet north of the Southeast corner thereof, said point being at the intersection of said east line with <u>the west line of said</u> Right of Way; running thence North 7 degrees and 59 minutes west along <u>said west line</u> of Right of Way 820 feet; thence by a spiral to the left 60 feet; thence * * * [describing property] * * *; containing four and 58/100 (4.58) acres.
* * * [Blank space] * * *
*Together with all and singular the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining and also all*      their       *estate, right, title and interest in and to the same, including dower and claim of dower.*
    *TO HAVE AND TO HOLD the above described and granted premises unto the said*
            PACIFIC RAILWAY AND NAVIGATION COMPANY[,]    its successors      xxx *and assigns forever. And*
                James Bryden and Addie Bryden, his wife, and John Stewart and Clara Stewart[,] his wife, *grantors above named do covenant to and with*
            Pacific Railway and Navigation Company
*the above named grantee*[,] its successors *and assigns that*[]it is lawfully seized  *in fee simple of the above granted premises, that the* above granted premises *are free from all incumbrances*
* * *
        *and that*    they   *will and*   their   *heirs, executors and administrators shall warrant and forever defend the above granted premises, and ever part and parcel thereof, against the lawful claims and demands of all persons whomsoever.*
(italics in original).

The court finds that the language of this deed viewed as a whole weighs in favor of finding that a fee was granted.  Here, the court finds that the deed's use of the phrase "right of way" is not meant to describe the property interest but provides a geographic location  Furthermore, the consideration provided is not nominal ($22.05), there is no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences. Therefore, the court finds that the **Bryden 74/273 deed (Def.'s Ex. 12)** granted fee simple title to the railroad.

9.      The Burgholzer 83/99 Deed

The **Burgholzer 83/99 deed (Def.'s Ex. 14)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That Joseph Burgholzer and Vina A. Burgholzer, his wife for and in consideration of the sum of One Dollar, to them in hand paid, the receipt whereof is hereby acknowledged, do hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, and[]to its successors and assigns forever, all of the following described real property situate in the County of Washington and State of Oregon, to-wit:
>
>     A strip of land one hundred feet in width, being fifty feet on each side of and parallel with the center line of the track of the Pacific Railway and Navigation Company, as the same is surveyed and located through the East one half of the Northeast quarter of Section thirty (30) in Township three (3) North of Range four (4) West W. M.
>
>     Together with the tenements, hereditaments and appurtenances [,] thereunto belonging or in anywise appertaining.  TO HAVE[]AND TO HOLD to the said Pacific Railway and Navigation Company, and to its successors and assigns forever.
>
>     The aforesaid grantors Joseph Burgholzer and Vina A. Burgholzer do hereby covenant that they are the owners in fee simple of the aforesaid premises, and that they will forever warrant and defend the same unto the Pacific Railway and Navigation Company, its successors and assigns, against the lawful claims of all persons whomsoever.

Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of railroad purposes, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Burgholzer 83/99 deed (Def.'s Ex. 14)** conveyed fee simple title to the railroad.

10.      The Burgholzer 87/71 Deed

The **Burgholzer 87/71 deed (Def.'s Ex. 15)** in pertain part provides:

> KNOW ALL MEN BY THESE PRESENTS, That I, Max Burgholzer (unmarried) of Lane County, Oregon, in consideration of the sum of $1.00, to me paid by the Pacific Railway & Navigation Company, a

Corporation, the receipt whereof is hereby acknowledged[,] do hereby remise, release and forever quitclaim unto the said Pacific Railway & Navigation Company, a Corporation, its successors and assigns, all my right, title and interest in and to the following described parcel of real estate situate in the County of Washington and State of Oregon, to-wit: A strip of land 100 ft. in width, being 50 ft. on each side of and parallel with the center line of the track of the Pacific Railway & Navigation Company, as the same is surveyed and located through the west half of the northwest quarter of Section 36, T 3 N. R. 5 W. of the Will. Mer., containing 2.84 acres[.] TO HAVE AND TO HOLD the same, together with all and singular the hereditaments and appurtenances thereunto belonging[]or in anywise appertaining, to the said Pacific Railway and Navigation Company, a Corporation, its successors and assigns forever.  <u>This Conveyance is made to confirm title to said right of way in the Pacific Railway & Navigation Company, a Corporation, its successors and[]assigns.</u>

Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Burgholzer 87/71 deed (Def.'s Ex. 15)** conveyed a fee to the railroad.

11.    The Byrom 5/310 Deed

The **Byrom 5/310 deed (Def.'s Ex. 16)** provides in pertinent part:

Peter Byrom et ux                                No. 2820
to                                               Right of Way
Pacific Railway and Navigation Co.               $5.00
         Know All Men by These Presents: That for and in consideration of the sum of $5.00, to them in hand paid, the receipt whereof is hereby acknowledged, Peter Bryom and Bergtha [sic] Byrom, his wife, do bargain, sell, grant and convey to the Pacific Railway and Navigation Company,  and to its successors and assigns forever, a strip of land 100 ft. wide, being 50 ft. on each side of the center line of the railway of the Pacific Railway and Navigation[]Company, as now surveyed and located thru <u>lands of the aforesaid Peter Byrom and Bergtha [sic] Byrom</u> in Sections 21 and 22, in Township 1 North of Range 10 West of the Willamette Meridian, more particularly described as follows, to wit:

> All tide lands fronting and abutting on Lots 3[]and 4 in Section 21, and Lots 1, 2 and 3 in Section 22, in Township 22, in Township 1 North of Range 10 West of the Willamette Meridian; together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining. To Have and to Hold unto the said Pacific Railway and Navigation Company, and to its successors and assigns forever; together with the right to build, maintain and operate thereover a railway and telegraph line[.]

The court recognizes the fact that use of the phrase "Right of Way Deed" is not dispositive on discerning the parties' intention; however, it weighs in favor of finding an easement.  Additionally, for the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes. The court notes that the deed does not use the term "right of way" in the body of the deed to suggest that the interest being conveyed was limited to an easement, consideration was not nominal ($5), nor does the deed contain any language requiring the railroad to build structure such as crossings, cattle guards, or fences.  Therefore, based on review of the language of the deed as a whole, the court finds that the **Byrom 5/310 deed (Def.'s Ex. 16)** conveyed a fee to the railroad.

12.     The Byrom 5/312 Deed

The **Byrom 5/312 deed (Def.'s Ex. 17)** provides in pertinent part:

Bergtha [sic] and Peter Byrom                    No. 2821
                to                               Right of Way
Pacific Railway + Navigation Co.                 $400.00
        Know All Men by These Presents: That for and in consideration of the sum of $400.00, to them in hand paid, the receipt whereof is hereby acknowledged, Bergtha [sic] Byrom and  Peter Bryom, her husband, do bargain, sell, grant and convey to the Pacific Railway and Navigation Company, and to its successors and assigns forever, a strip of land 100 ft. wide, being 50 ft. on each side of the center line of the railway of the

28

Pacific Railway and Navigation[]Company, as now surveyed and located thru lands of the aforesaid Peter Byrom and Bergtha [sic] Byrom in Sections 21 and 22, in Township 1 North of Range 10 West of the Willamette Meridian, more particularly described as follows, to wit:

* * * * [Describing the property through which the strip conveyed runs] * * * *

Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

To Have and to Hold unto the Pacific Railway and Navigation Company and to its successors and assigns forever; together with the right to build, maintain and operate thereover a railway and telegraph line[.]

The court recognizes the fact that use of the phrase "Right of Way Deed" is not dispositive on discerning the parties' intention; however, it weighs in favor of finding an easement. Additionally, for the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes. Here, the consideration paid was not nominal ($400), there is no reference to the term "right of way" in the body of the deed to suggest that the interest being conveyed was limited to an easement, nor any language requiring the railroad to build structure such as crossings, cattle guards, or fences. Therefore, based on review of the language of the deed as a whole, the court finds that the **Byrom 5/312 deed (Def.'s Ex. 17)** conveyed a fee to the railroad.

13. The Campbell 85/208 Deed

The **Campbell 85/208 deed (Def.'s Ex. 18)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That D. F. Campbell and Cecily C. Campbell, his wife, for and in consideration[]of the sum of One Dollar ($1.00), to them in hand paid, the receipt whereof is hereby acknowledged, do hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, and to its successors and assigns

29

forever, all of the following described real property situate in the County of Washington and State of Oregon, to-wit: A strip of land one hundred feEt [sic] in width, being fifty feet on each side of and parallel with the center line of the track of the Pacific Railway and Navigation Company, as the same is now surverye d[]and [sic] located through the West half of the Northwest quarter of Section Thirty six (36) Township Three [sic] (3) North Range Five  West, containing 2.84 acres. Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining. TO HAVE AND TO HOLD to the sAid [sic] Pacific Railway and Navigation Company and to its successors and assigns forever. The aforesaid D. F. Campbell and Cecily C. Campbell, his wife, do hereby covenant that they are the owners in fee simple of the above granted premises, and that they will forever warrant and defend the same unto the Pacific Railway and Navigation Company, its successors and assigns, against the lawful claims of all persons whomsoever.

Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Campbell 85/208 deed (Def.'s Ex. 18)** conveyed a fee to the railroad.

14.     The Carstens 72/527 Deed

The **Carstens 72/527 deed (Def.'s Ex. 19)** provides in pertinent part:

THIS INDENTURE, made this 22nd day of August 1906, between A. C. Carstens, and Sarah E. Carstens, his wife, of Washington County, Oregon, parties of the first part, and the Pacific Railway & Navigation Company, a Corporation, party of the Second [sic] part, WITNESSETH:
That the said parties of the first part, for and in consideration of the sum of $250.00 to them in hand paid, by the party of the second part, the receipt of which is hereby acknowledged[,] have granted, bargained and sold, conveyed and confirmed and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns, all that certain lot, piece, parcel and tract of land, lying, being and situate in Washington County, Oregon, and particularly described as a portion of Section 25, T [sic] 2 N. R. 4 W., a strip of land 80 feet wide, being 40 feet on each on each side of the center line of the

Pacific Railway & Navigation Company's Railway <u>as now surveyed and located</u> on said land and described as follows:

        * * * [Description] * * *

        Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders,[]rents, issues, and profits thereof.

        TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said party of the second part and unto its successors and assigns forever. And the parties of the first part hereby covenant to and with the party of the second part, its successors and assigns, that the parties of the first part, [sic] are the owners in fee simple of the tract of land above described, and the whole thereof; That [sic] said premises are fee from all incumbrances, and that the parties of the first part, their heirs, executors and administrators, shall warrant and forever defend the above described and granted premises and every part and parcel thereof against the lawful claims and demands of all persons whomsoever.

Here, the amount of consideration paid was not nominal ($250), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences. The court thus finds that the **Carstens 72/527 deed (Def.'s Ex. 19)** granted fee simple title to the railroad.

       15.     The Carstens 72/530 Deed

The **Carstens 72/530 deed (Def.'s Ex. 20)** provides in pertinent part:

        THIS INDENTURE, made this 25th day of August 1906, between John F. Carstens and Netta Carstens, his wife, of Washington County, Oregon, parties of the first part, and the Pacific Railway & Navigation Company, a Corporation, party of the second part, WITNESSETH:

        That the said parties of the first part, for and in consideration of the sum of One Dollar ($1) and other valuable consideration, to them in hand paid by the party of the second part, the receipt of which is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns, all that certain lot, piece, parcel and tract of land, lying, being and situate in

Washington County, Oregon, and particularly described as a portion of Sec. 25, T. 2 N. R. 4 W., a strip of land 80 feet wide, being 40 feet on each side of the center line of the[]Pacific Railway and Navigation Company's Railway, <u>as now surveyed and located</u> on said lands and described as follows:-

     * * * [Description] * * *

     A strip of land 60 feet wide, being 30 feet on each side of the center line of the Pacific Railway & Navigation Company's Railway, <u>as now surveyed and located </u>on said[]land and described as follows:-

     * * * [Description] * * *

     Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

     <u>TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said party of the second part and unto its successors and assigns as long as used and operated for railway and transportation purposes.</u> And the parties of the first part hereby covenant to and with the party of the second part, its successors and assigns, that the parties of the first part, [sic] are the owners in fee simple of the tract of land above described, and the whole thereof, [and] that said premises are free from all incumbrances, [sic]

This deed contains the following language "as long as used and operated for railway and transportation purposes." The *Albright* plaintiffs argue that this language establishes an easement because it directly limits the estate being conveyed. *See* Pls.' *Albright* Resp. at 29. *See also* Transcript of Oral Argument ("Arg. Tr.") 53:7-18, May 9, 2018. The government argues that the deed conveys a fee simple determinable interest under Oregon law, citing *State By & Through Dep't of Transp., Highway Div. v. Tolke*, 586 P.2d 791, 795 (Or. Ct. App. 1978) and *Kilpatrick v. Snow Mountain Pine Co.*, 80 P.2d 137, 139 n.2 (Or. Ct. App. 1991). Arg. Tr. 49:20-50:21. *See also* Def.'s Br. at 21–22. In *Tolke,* the Oregon Court of Appeals determined that a deed that had, for substantial consideration ($1098.70), granted a strip of land to a railroad "'so long as said

property herein granted shall be possessed, used and occupied as a railroad right of way and be used and occupied for the purposes of construction, maintenance and operation thereon and thereover, railroads and railroad trains,"' conveyed a "fee simple determinable estate" to the railroad. *Tolke*, 586 P.2d at 794, 796. The *Tolke* court also stated that the deed further provided that the land conveyed under the terms of the deed if the property is no longer used for a railroad it "shall immediately revert to the grantors." *Tolke,* 586 P.2d at 795.

The court finds that this case is different from *Tolke* because (1) this deed involves only $1 in consideration and (2) it does not contain the revisionary language the Oregon Court of Appeals found to be significant. Tolke at 586 P.2d at 793 n.3. In such circumstances, the court finds that the language is more consistent with language the Oregon courts have found to have granted only an easement. *Bernards*, 248 P.2d 342, 352. Accordingly, the court finds that the **Carstens 72/530 deed (Def.'s Ex. 20)** conveyed an easement to the railroad.

16. The Chance 5/449 Deed

The **Chance 5/449 deed (Def.'s Ex. 21)** provides in pertinent part

Know all Men by These Presents: That for and in consideration of the sum of $50 to them in hand paid, the receipt whereof is hereby acknowledged, Marion T. Chance and Laura I. Chance, his wife, do hereby grant, bargain, sell, and convey to the Pacific Railway and Navigation Company, and to its successors and assigns forever, all that portion of the land owned by them, embraced in a strip of land 100 feet wide, being 50 ft. on each side of the center line of the Pacific Railway and Navigation Company's Railway, as surveyed, located and adopted thru the lands of the aforesaid Marion T. Chance, in Lots 1- 2- 3- 4- 5- and six, [sic] Block 10, original Townsite of Garibaldi, Sec. 21, T. 1[]N. R. 10 W., W.M. said center line being more particularly described as follows:

33

* * * [Description] * * *
Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.
To Have and to Hold unto the Pacific Railway and Navigation Company and to its successors and assigns forever, together with the right to build, maintain and operate thereover a railway and telegraph line.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes is not dispositive on the question of whether an easement was granted. Here, the amount of consideration is not nominal ($50), there is no "right of way" language in the title or body of the deed, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences. Therefore, the court finds that **Chance 5/449 deed (Def.'s Ex. 21),** conveyed fee simple title to the railroad.

17.    The Cook 15/83 Deed

The **Cook 15/83 deed (Def.'s Ex. 24)** pertains in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That Vincent Cook and Martha G. Cook, his wife, hereinafter called the grantors, in consideration of the sum of Ten ($10.00) Dollars, to them in hand paid, the receipt whereof is hereby acknowledged, and other valuable considerations moving to them, do * * * bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns[]forever, <u>a one half interest in the following described real property</u> situate in the County of Tillamook and State of Oregon, to-wit:
A strip of land one hundred (100) feet in width, being fifty (50) feet on each side of and parallel with the center line of the tract of the Pacific Railway and Navigation Company's railway as the same is now located, adopted, and constructed across the Northwest quarter[]of the Southwest quarter and the Southwest quarter of the Northwest quarter of Section eighteen (18) in Township one (1) South of Range nine (9) West of the Willamette Meridian, containing 5.07 acres,
Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining,

34

TO HAVE AND TO HOLD to the above named grantee and to its successors and assigns forever.

The court finds that this deed's conveyance of "a one half interest in the following described real property" is indicative of the original parties' intent to have conveyed a fee interest to the railroad.  Here, the amount of consideration paid was not nominal ($10), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  Therefore, the court finds that the **Cook 15/83 deed (Def.'s Ex. 24)**, granted fee simple title to the railroad.

18.     The Cummings 77/262 Deed

The **Cummings 77/262 deed (Def.'s Ex. 25)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of the sum of $217.00 to them in hand paid, the receipt whereof is hereby acknowledged, James Cummings and Ann Cummings[,] his wife, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Washington and State of Oregon, to-wit:-
> A strip of land one hundred feet in width, being fifty feet on each side of and parallel with the center line of the track of the grantee as the same is surveyed and located through the West half of the Southeast quarter of Section 29 in Township 3 North of Range 4 West of the Willamette Meridian, containing 7.70 acres more or less.
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
> TO HAVE AND TO HOLD to the above named grantee and to its successors and assigns forever.
> The grantors do further covenant that the grantee may operate a railway line over the properties above described and also do all things convenient or useful to be done in connection therewith. The grantors do covenant that they are seised of the aforesaid premises in fee simple; that their estate therein is free from all liens and encumbrances, and that they will and their heirs, executors and administrators shall forever warrant and

defend the above granted premises unto the grantee herein and unto its successors and assigns forever against the lawful claims and demands of all persons.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes.  Here, the amount of consideration is not nominal ($217), there is no "right of way" language in the title or body of the deed, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  Therefore, the court finds that the **Cummings 77/262 deed (Def.'s Ex. 25),** conveyed fee simple title to the railroad.

19.    The Davidson 11/509 Deed

The **Davidson 11/509 deed (Def.'s Ex. 27)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One and 00/100 Dollars, the receipt whereof is hereby acknowledged, we F. M. Davidson and Alvie Davidson, husband and wife[,] hereinafter called the grantors, do hereby bargain, sell, grant[,] convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:
"A strip of land one hundred (100) Feet [sic] wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through our undivided one third interest in the North East quarter of North East quarter of Section thirteen Township one South of Range ten West of Willamette Meridian; also a strip of land six rods wide off of the North side of South East quarter of North East quarter of Section thirteen, Township one South of Range ten West of Willamette Meridian.
Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever.

And * * * grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Davidson 11/509 deed (Def.'s Ex. 27)**, conveyed  fee simple title to the railroad.

20.    The Davis 72/546 Deed

The **Davis 72/546 deed (Def.'s Ex. 28)** provides in pertinent part:

THIS INDENTURE, made this 21st day of August 1906, between A. B. Davis and Eva Davis, his wife, F. M. Davis and B. J. Davis, of Washington County, Oregon, parties of the first part,[]and the Pacific Railway & Navigation Company, a Corporation, party of the second part, WITNESSETH:
That the said parties of the first part, for and in consideration of the sum of One Dollar ($1) and other valuable considerations, to them in hand paid, by the party of the second part, the receipt of which is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns, all that certain lot, piece, parcel and tract of land, lying, being and situate in Washington County, Oregon, and particularly described as a portion of Section 4, T. 2. N. R. 4.W. [sic] a strip of land 80 feet wide, being 40 feet on each side of the center line of the Pacific Railway & Navigation Company's Railway, <u>as now surveyed and located</u> on said lands and described as follows:-
* * * [Description] * * *
Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said party of the second part and unto its successors and assigns forever. And the parties of the first part hereby covenant to and with the party of the second part, its successors and assigns, that the parties of the first part, [sic] are the owners in fee simple of the tract of land above described, and the whole thereof, that said premises are fee from all incumbrances, and that the parties of the first part, their heirs, executors and administrators, shall warrant and forever defend the above described and granted premises and every part and parcel thereof against the lawful claims and demands of all persons whomsoever.

Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Davis 72/546 deed (Def.'s Ex. 28)**, conveyed fee simple title to the railroad.

21.    The Detroit Trust 77/44 Deed

The **Detroit Trust 77/44 deed (Def.'s Ex. 30)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS, That Detroit Trust Company, a corporation organized and existing under the laws of the State of Michigan, for and in consideration of the sum of Fifty [sic] ($50.00) Dollars, to it paid,[]the receipt whereof is hereby acknowledged, does hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, a corporation and to its successors and assigns forever, all of the following described real property situate in the County of Washington, State of Oregon, to-wit:-
   "A strip of land one hundred feet in width being fifty feet on each side of and parallel with the center line of[]the track of the Pacific Railway and Navigation ComPany [sic] <u>as the same is surveyed, located and adopted</u> through the southeast quarter of section twenty eight (28), Township Three (3) North, Range five (5) West of the Willamette Meridian, said center line being describe[d] as follows:
   * * * [Description] * * *
   Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

38

TO HAVE AND TO HOLD unto the said Pacific Railway and Navigation Company, and to its successors and assigns forever.

Here, the amount of consideration paid was not nominal ($50), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences. As such, the court finds that the **Detroit Trust 77/44 deed (Def.'s Ex. 30)**, granted fee simple title to the railroad.

22.    The Du Bois Lumber Co. 23/298 Deed

The **Du Bois Lumber Co. 23/298 deed (Def.'s Ex. 31)** provides in pertinent part:

Know All Men by These Presents: That for and in consideration of the sum of Ten ($10.00) Dollars, the receipt whereof is hereby acknowledged, and other valuable considerations moving to it, Du Bois Lumber Co., a corporation organized and existing under the laws of Oregon, hereinafter called the grantor, <u>subject to the conditions and reservations hereinafter made</u>, does bargain, sell, grant,[]and convey to Pacific Railway and Navigation Company, a corporation, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:

A strip of land 100 feet in width, being 50 feet on each side of the center line of the grantee's railway as the same is now surveyed and located through the following described real property, to wit:

The north half of the northwest quarter of Section 14, Township 3 North, Range 8 West; The northwest quarter of Section 28, Township 3 North, Range 7 West; The north half of the southwest quarter of Section 13 and the northeast quarter of the southeast quarter of Section 14, Township 3 North, Range 8 West; Also Lots one, two, three, four and six of Section 22, Township 3 North, Range 9 West; Also the southeast quarter of the southeast quarter and the southwest quarter of the southwest quarter of Section 18; the north half of Section 19; the northwest quarter of Section 20 and the northwest quarter of the southeast quarter of Section 20 in Township 3 North, Range 7 West of the Willamette Meridian, in said county and state.

39

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining; giving and granting unto the grantee also the right to operate a railway line thereover.

This deed is made subject to the following conditions and reservations:

The grantor reserves the right to construct across the land above conveyed and across the railway track of the grantee to be constructed thereon, a logging railroad at some suitable point, the point of crossing and the manner of crossing to be subject to the approval of the chief engineer of the Pacific Railway and Navigation Company and of an engineer to be selected by Du Bois Lumber Co.; the operation of said logging road, however, at no time to interfere with the operation by the grantee of its railway over the above described lands.

The grantor also reserves the right to lay water pipes of any size and kind under the right of way of the grantee, either across or along the same, in any part of Section 22, in Township 3 North, Range 9 West of the Willamette Meridian in said County and State, provided that where said pipes cross under the track of the grantee, the manner of laying the same shall be subject to the approval of two engineers, one to be selected by the grantor and one by the grantee, and the grantor reserves the right to go upon said right of way of the grantee, at any time, in order to lay and repair said water pipes, or to examine the condition thereof.

In consideration of the rights and easements and grants herein contained, the grantee agrees that the grantor shall not be held responsible for injury to the railroad and property of the grantee, its successors and assigns, or to the structures standing thereon, by falling or sliding timber or logs, provided the grantor uses due care to prevent such injury, and the grantor agrees that at all times when it is cutting timber on its lands adjoining said right of way of the grantee, which is in danger of falling or sliding on the railway track of the grantee, it will keep a man employed for the purpose of flagging the trains of the grantee, to the end that accidents shall be prevented.

To Have and to Hold unto the grantee[,] its successors and assigns forever. And the grantor does hereby covenant to and with the grantee, its successors and assigns, that it is seized in fee simple of the above described premises, and that it will warrant and defend the same unto the grantee, its successors and assigns against the lawful claims and demands of all persons whomsoever.

The court finds that the language of this deed viewed as a whole weighs in favor

of finding that only an easement was granted.   The deed uses the phrase "right of way"

in the body of the deed to refer to the interest being conveyed repeatedly.  Indeed, the

deed itself uses the world "easement" ("In consideration of the rights and easements and

grants herein contained, . . .").  Although the deed contains language similar to that in the

**Alley 5/475 deed**, because the deed expressly uses the word "easement" and uses the

phrase "right of way" to refer to the interest being conveyed, the court finds that the **Du**

**Bois Lumber Co. 23/298 deed (Def.'s Ex. 31)**, conveyed an easement to the railroad.

23.     The Du Bois 24/40 Deed

The **DuBois 24/40 deed (Def.'s Ex. 32)** provides in pertinent part:

> Know All Men by These Presents: That for and in consideration of
> the sum of One Dollar[]($1.00), the receipt whereof is hereby
> acknowledged, Willie G. Du Bois and John E. Du Bois, her husband,
> hereinafter called the grantors, do hereby bargain, sell, grant, convey and
> confirm to Pacific Railway and Navigation Company, hereinafter called the
> grantee, and to its successors and assigns forever, all of the following
> described real property situated in the county of Tillamook and state of
> Oregon, to-wit:
> A strip of land sixty feet in width being thirty feet on each side of the
> center line of grantee's railway as the same is last located, staked out,
> surveyed and being constructed through the following described tract, to-
> wit:
> * * * [Describing the tract through which the strip being conveyed
> runs] * * *
> Together with the appurtenances, tenements and hereditaments
> thereunto belonging or in anywise appertaining.
> To Have and to Hold to the above named grantee and to its
> successors and assigns forever; the grantors confirming also to the grantee,
> its successors and assigns, the right to build, maintain and operate a line of
> railway thereover.
> The aforesaid grantors do hereby covenant that they are the owners
> in fee simple of the above granted premises and that they will forever
> Warrant and Defend the same unto the said grantee, and unto its successors
> and assigns against the lawful claims of all persons whomsoever.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes.  Here, although the amount of consideration is nominal ($1), there is no "right of way" language in the title or body of the deed, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  Therefore, the court finds that the **Du Bois 24/40 deed (Def.'s Ex. 32)**, conveyed fee simple title to the railroad.

24.     The Easom 11/515 Deed

The **Easom 11/515 deed (Def.'s Ex. 33)** provides in pertinent part:

Elnora [sic] F. Easement et vir.                    Railway Deed.
to                                                  No. 7463.
Pacific Railway and Navigation Co.
    KNOW ALL MEN BY THESE[]PRESENTS : [sic] That for and in consideration of the sum of Eight Hundred & 00/100 DOLLARS, the receipt whereof is hereby acknowledged, we, Elnora [sic] F. Easom and Chas. E. Easom, wife and husband[,] do hereby bargain, sell, grant, convey and confirm to  PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:
    "A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lots One, two, six and seven in Section thirty six, in Township three North of Range ten West of Willamette Meridian, except a certain three acre tract in said Lot One [sic] heretofore sold to Felix Roy.
    Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
    TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever.
    The grantors above named do covenant that they are seized of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein

granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does.  Here, the amount of consideration paid was not nominal ($800), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds the **Easom 11/515 deed (Def.'s Ex. 33)**, granted fee simple title to the railroad.

25.     The Edwards 5/453 Deed

The **Edwards 5/453 deed (Def.'s Ex. 35)** provides in pertinent part:

> Know all men by these Presents: that we, John D. Edwards and Celana [sic] C. Edwards, his wife, of Multnomah County, Oregon, in consideration of one dollar to us paid by The Pacific Railway and Navigation Company, a corporation organized and existing under and by virtue of the laws of the State of Oregon, do hereby bargain, sell and quitclaim unto the said corporation all that portion of the lands owned by said John D. Edwards in lot one (1) of Sec. 22 of T. 1 N. of R. 10 W. of the Willamette Meridian in Tillamook County, Oregon embraced in a strip of land 100 feet in width, being fifty feet on each side of the center line of the said corporation's line of railway as now surveyed and located through all the land owned by said John D. Edwards in lot one aforesaid, being described as follows:
> * * * [Description] * * *
> To have and to hold unto the said corporation and its successors in interest in fee simple forever.  Conveying hereby also a right to construct, operate and maintain a railway line along and upon said land.

By its express terms this deed conveyed the property "in fee simple forever." The court therefore finds that the original parties' intent is clear and that the **Edwards 5/453 deed (Def.'s Ex. 35)**, granted fee simple title to the railroad.[6]

26.      The Friday 72/526 Deed

The **Friday 72/526 deed (Def.'s Ex. 37)** provides in pertinent part:

> THIS INDENTURE, made this 7th day of May 1906, between John W. Friday and Pearl Friday his wife, of Washington County, Oregon, parties of the first part, and the PACIFIC RAILWAY & NAVIGATION COMPANY, a Corporation, party of the se[con]d part, WITNESSETH:
>
> That the said parties of the first part, for and in consideration of the sum of Twenty Five Dollars ($25) to them in hand paid, by the party of the second [p]art, the receipt of which is hereby acknowledged , [sic] have granted, bargained and sold[,] conveyed and confirmed and by these presents do grant , [sic] bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns , [sic] all that certain lot, piece, parcel and track of land, lying,[]being and situate in Washington County, Oregon, and particularly described as a part of the South East Quarter of Sec. 25, T 2 N. R. 4 W., Will. Mer., to-wit:-
>
> A strip of land 160 feet wide being 120 feet on the East side and 40 feet on the West side of the center line of the Pacific Railway & Navigation Company's railway as now surveyed and located on said lands, and described as follows:
>
> Beginning at a point where the center line of said Railroad Survey intersects the c enter [sic] of Dairy Creek, * * * Thence down the center of said Creek South 22 degree and 40 minutes East 170 feet and thence South 13 degree and 15 minutes west 93 feet to the <u>West line of</u> Right of Way; Thence South 32 degree and 18 minutes East <u>along said</u> Right of Way 96 feet to the center of Dairy Creek; thence North 80 degree and 22 minutes East 955 feet to the place of beginning and containing 0.96 acres.
>
> Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

---

[6] As discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted "includes" the right to construct a railway does not limit the railroad use of the property to only railroad purposes.

TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said[]party of the second part and unto its successors and assigns forever.

Although this deed, has "incidental" uses of the phrase "right of way," the court finds that the phrase "right of way" is not used to refer to the interest being conveyed, but only to describe the geographic location of the rail line.  The deed also provides more than nominal consideration ($25), lacks any railroad purpose language, and does not contain any commitment by the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds that the **Friday 72/526 deed (Def.'s Ex. 37),** conveyed fee simple title to the railroad.

27.    The Galvani 77/37 Deed

The **Galvani 77/37 deed (Def.'s Ex. 39)** provides in pertinent part:

THIS INDENTURE made this 11th day of April A. D. 1907, between W. H. Galvani, a single man[]of Portland, Multnomah, Oregon, party of the first part, and the Pacific Railway & Navigation Company, a Corporation, party of the second part[,] WITNESSETH:
    That the said party of the first part for and in consideration of the sum of $1 to him in hand paid by the party of the second part, the receipt of which is hereby acknowledged[,] has granted, bargained and sold, conveyed and confirmed and by these presents does grant, bargain, sell [sic] convey and confirm unto the said party of the second part and its successors and assigns, all that certain lot, piece, parcel and tract of land, lying, being and situate in Washington County, Oregon, and being a portion of the Southwest quarter of Section 30, T. 3 N. R. 4 W. of the Will. Mer., being a strip of land 100 feet wide, being 50 feet on each side of the center line of the Pacific Railway & Navigation Company's railway as now surveyed, located and adopted across said lands, said center line being described as follows,[]to-wit
    * * * [Description] * * * and containing 11.31 acres, reserving grade farm crossings at two points to be selected by the party of the first part.
    Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining and the

45

reversion and reversions, remainder and remainders, rents, issues and profits thereof.

TO HAVE AND TO HOLD all and singular, the said premises, together with the appurtenances unto the said party of the second part and unto its successors and assigns forever. And the party of the first part does hereby covenant to and with the party of the second part, its successors and assigns, forever, that the party of the first part is the owner in fee simple of the tract of land hereinbefore described; That [sic] said tract of land is free from all incumbrances and that the party of the first part shall warrant and forever defend said tract of land against the lawful claims and demands of all persons whomsoever.

This deed provided nominal consideration ($1) and the grantor reserved farm crossings. These are factors that weigh in favor of construing the deed as granting an easement. However, this deed precisely describes the land being conveyed with an express reference to the amount of acreage, does not contain any "right of way" language or any railroad purpose language. Thus, when viewing the deed as a whole, the court finds that the grantor reserved certain crossing rights but granted a fee to the railroad. Therefore, this court finds that the **Galvani 77/37 deed (Def.'s Ex. 39)**, conveyed fee simple title to the railroad.

28.    The Gattrell 13/311 Deed

The **Gattrell 13/311 deed (Def.'s Ex. 40)** provides in pertinent part:

Know all Men by These Presents: That for and in consideration of the sum of One ($1.00), to him in hand paid, the receipt whereof is hereby acknowledged, F.J. Gattrell an unmarried man, hereinafter called the grantor, does bargain, sell, grant[,] convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, a strip of land sixty (60) feet in width, being thirty (30) feet on each side of and parallel with the center line of the railway of the grantee as the same is now located, surveyed and staked out through lot two (2) of section  twenty nine (29) in township two (2) North of range ten (10) West of the Willamette Meridian, in the County of Tillamook and State of Oregon.

46

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

To have and to hold unto the [above named] grantee and to its successors and assigns forever, confirming to the grantee likewise the right to build, maintain and operate a railway line thereover.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes..  Even though the amount of consideration is nominal ($1.00), without any "right of way" language in the title or body of the deed nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Gattrell 13/311 deed (Def.'s Ex. 40)**, conveyed fee simple title to the railroad.

29.    The Goodspeed 16/487 Deed

The **Goodspeed 16/487 deed (Def.'s Ex. 41)** provides in pertinent part:

D. R. Goodspeed and wife                    RAILWAY DEED.
to                                          NO. 5802.
Pacific Railway and Navigation Co.

KNOWN ALL MEN BY THESE PRESENTS:  That for and in consideration of the sum of One & 00/100 DOLLARS[,] the receipt whereof is hereby acknowledged, We, [sic] D. E. Goodspeed and M. J. Goodspeed, husband and wife, of Tillamook County, Oregon, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to Pacific RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit; [sic]

"A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is now surveyed and located through

The [sic] South East quarter of the North East quarter of Section thirteen in Township one South of Range ten West of Willamette Meridian[.]

47

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.

The grantors above named do covenant that they are seised of the aforesaid premises in fee simple and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does.  Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Goodspeed 16/487 deed (Def.'s Ex. 41)**, conveyed fee simple title to the railroad.

30.      The Goodspeed 9/200 Deed

The **Goodspeed 9/200 deed (Def.'s Ex. 42)** and provides in pertinent part:

Know All Men by These Presents: That for and in consideration of the sum of <u>Thirty four Hundred and sixteen and 60/100 Dollars,</u> the receipt whereof is hereby acknowledged, we, H. F. Goodspeed and Lillian A Goodspeed, husband and wife, of Tillamook City, Tillamook County, Oregon: [sic] hereinafter called the grantors, do bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:

A strip of land fifty[](50) feet wide being twenty five (25) [feet] on each side of the center line of the railway of the grantee as the same is surveyed and located through the South East quarter of the North West quarter and that part of Lot seven <u>lying West of a certain</u> right of way <u>formerly conveyed by said Goodspeed to said Pacific Railway and Navigation Company,</u> all lying in Section thirty, in Township one South of

Range nine West of Willamette Meridian, <u>the center line of the</u> right of way <u>hereby conveyed</u> being more particularly described as follows, to wit: Beginning at a point which is identical with Station 18 plus 84.5 on the main line of said P.R.+N. Co., which point is located by beginning at Sta. 00 plus 00 on said main line, 4407.8 feet South and 281.5 East of the ¼ Section corner between Secs [sic] 19 and 30, T 1 S R 9 W, and running thence N 1° 00' East 1884.5 feet to said Station 18 plus 84.5 which is the initial point of the right of way <u>hereby intended to be described and conveyed</u>, thence following a spiral to the left a distance of 120 feet and consuming 7° 30' of the angle, thence following a 12° 30' curve to the left a distance of 609.3 feet, thence following a spiral to the left a distance of 120 feet and consuming 7° 30' of angle, to Sta. 8 plus 49.3; thence South 89° 50' West 1142 feet more or less to the East line of Lot two in said Section 30.

      Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

      To have and to hold unto the above named grantee and unto its successors and assigns forever.

      The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all incumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court finds that the language of this deed viewed as a whole weighs in favor of finding that a fee was granted. This deed uses the phrase "right of way" three different times.  As explained above, the use of the phrase "right of way" to describe the interest conveyed and not the geographic location of the land conveyed is an indication of intent to convey an easement.  The deed first uses the phrase "right of way" when describing the strip of land being conveyed as being "located through . . . that part of Lot seven lying West of a certain right of way formerly conveyed by said Goodspeed to said Pacific Railway and Navigation Company."  This use of the phrase "right of way" is clearly referencing an interest other than the interest being conveyed and thus the deed's first use of the phrase "right of way" is "incidental."  However, this deed uses the phrase "right of

way" twice more.  The deed grants and conveys to the railroad "[a] strip of land [of a certain width] . . . , <u>the center line of the</u> **right of way** <u>hereby conveyed</u> being more particularly described as follows, to wit: . . ." (emphasis added).  As used here, the language "the right of way hereby conveyed" supports a finding that the phrase "right of way" is being used to describe the interest being conveyed.  The deed's final use of the phrase "right of way" occurs in the context of its precise description of the land conveyed, when the deed refers to "Station 18 plus 84.5" as being "the initial point of the **right of way** *hereby intended to be described and conveyed* . . . ." (emphasis added).  Here too this language is using the phrase "right of way" to describe the interest being conveyed by the deed.

However, the amount of consideration paid was not nominal ($3,416.60), there is no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  Based on these factors read in combination with the mixed use of the term "right of way," the court finds that the **Goodspeed 9/200 deed (Def.'s Ex. 42)**, granted fee simple title to the railroad.

31.     The Goodwin 81/147 Deed

The **Goodwin 81/147 deed (Def.'s Ex. 43)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of Three Hundred and [Fifty] Dollars, to them in hand paid, the receipt whereof is hereby acknowledged, Nathan J. Goodwin and M. M. Goodwin his wife, hereinafter called the grantors, do bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property, situate in the County of Washington and State of Oregon, to-wit: A strip of land One hundred feet in width, being fifty feet on each side of the center line of the track of the

grantee, as the same is surveyed and located through the east half of the southwest quarter of section  twenty seven in township three  north of range five west, together with the appurtenances[,] tenements and hereditaments thereunto belonging or in anywise appertaining, together also with the right to maintain and operate a railroad thereover. TO HAVE AND TO HOLD to the grantee, and to its successors and assigns forever. The grantors, above named, do covenant with the grantee, and with its successors and assigns, that they are seized of the said premises in fee simple, and that they will, and their heirs, executors and administrators shall, warrant and defend the same against the lawful claims and demands of all persons whomsoever.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad does not limit the railroad's use to only railroad purposes.  Here, the consideration is not nominal ($350), there is no reference to a "right of way" in the title or body of the deed, nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds that the **Goodwin 81/147 deed (Def.'s Ex. 43)**, conveyed fee simple title to the railroad.

32.     The Hagen 75/279 Deed

The **Hagen 75/279 deed (Def.'s Ex. 44)** provides in pertinent part:

THIS INDENTURE, made this 22 day of April, 1907, between Bridget Hagen ( a [sic] single woman) of Portland Multnomah County, Oregon, party of the first part, and the Pacific Railway & Navigation Company, a Corporation, party of the second part, WITNESSETH:
    That the said party[]of the first part, for and in consideration of the sum of One Dollar ($1) and other good and valuable considerations, to her in hand paid by the party of the second part, the receipt of which is hereby acknowledged, h[]ave [sic] granted, bargained and sold, conveyed and confirmed, and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns, all that certain lot, piece, parcel and tract of land, lying, being and situate in Washington County,[]Oregon, to-wit:

Being a portion of Section 30, T. 3 N. R. 4 W. of the Will. Mer. described as follows:

A strip of land 100 feet wide being 50 feet on each side of the center line of the Pacific Railway and Navigation Company's railway, as surveyed, located and adopted across said lands, said center line being described as follows:

* * * [Description] * * *

Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders[,] rents, issues and profits thereof.

TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said party of the[]second part and unto its successors and assigns forever. And the party of the first part does hereby covenant to and with the party of the second part, its successors and assigns forever, that the party of the first part is the owner in fee simple of the tract of land hereinbefore described; that said tract of land is free from all incumbrances and that the party of the first part shall warrant and forever defend said tract of land against the lawful claims and demands of all persons whomsoever.

Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Hagen 75/279 deed (Def.'s Ex. 44),** conveyed fee simple title to the railroad.

33.    The Hamblin 85/284 Deed

The **Hamblin 85/284 deed (Def.'s Ex. 45)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That J.M. Hamblin, an unmarried man for and in consideration of the[]sum of One Dollars, to him in hand[]paid, the receipt whereof is hereby acknowledged[,] does bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company and to its successors and assigns forever, all of the following described real property situate in the County of Washington and State of Oregon, to-wit: A strip of land one hundred feet in width, being fifty feet on each side of and parallel with the center line of the track of the Pacific

Railway and[]NavigaTion [sic] Company, as the same is surveyed and located through the Northwest quarter of the Northeast quarter of Section thirty two (32) Township Three(3) [sic] North range [sic] five (5) West Willamette Meridian.

Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD to the said Pacific Railway and Navigation Company, and to successors and assigns forever.

The aforesaid grantor J. M. Hamblin does hereby covenant that he is the owner in fee simple of[]the above granted premises, and that he will forever warrant and defend the same unto the Pacific Railway and Navigation Company, its successors and assigns, against the lawful claims of all parties whomsoever.

Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Hamblin 85/284 deed (Def.'s Ex. 45)**, conveyed fee simple title to the railroad.

34.     The Handley 13/34 Deed

The **Handley 13/34 deed (Def.'s Ex. 48)** provides in pertinent part:

Know all Men by these Presents That for and in consideration of the sum of Four Hundred and 00/100 Dollars, the receipt whereof is hereby acknowledged, I, Lola L. Handley, a widow, of Tillamook, Tillamook County, Oregon, hereinafter called the grantor, do bargain, sell, grant and convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:

A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through a certain tract of land lying between the lands of Maire Murphy and the meander line of Tillamook Bay in Lot four of Section 21 Township 1 North Range 10 West. also [sic] through Block '21' in the Town of East Garibaldi and the Tide land fronting and abutting upon that portion of said Town of East Garibaldi which lies in Lot 2 of said

Section 21. Also through the Tide land fronting and abutting upon that certain tract in said Section 21 known as the Ralston five acre tract [sic] also through a certain four acre tract in Lot four of Section twenty all in Township one North of Range ten West of Willamette Meridian [sic] the intention being to convey unto the said grantee[,] its successors and assigns all that portion of any and all lands now owned by me in said Sections[]twenty and twenty one Township one North of Range ten West of Willamette Meridian which lies within the right of way limits of the railway of the grantee, as the same is now surveyed and located through my said lands.

 Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

 To have and to hold unto the above named grantee and unto its successors and assigns forever.

The court finds that the language of this deed viewed as a whole weighs in favor of finding that a fee was granted.  Although the deed uses the phrase "right of way," the court finds that the phrase is used in this deed to describe the location of the property and not the property interest being conveyed.  Additionally, the amount of consideration paid was not nominal ($400), there is no mention of railroad purposes and the deed does not contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds that the **Handley 13/34 deed (Def.'s Ex. 48)**, granted fee simple title to the railroad.

 35. The Hannan 72/548 Deed

 The **Hannan 72/548 deed (Def.'s Ex. 49)** provides in pertinent part:

 THIS INDENTURE, made this 21st day of August 1906, between Henry Hannon and Ella Hannon, his wife, of Washington County, Oregon, parties of the first part, and the Pacific Railway & Navigation Company, a Corporation, party of the first part, WITNESSETH:

 That said parties of the first part, for and in consideration of the sum of One Dollar ($1) and other good and valuable considerations to them in hand paid, the receipt of which is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed and by these presents do

54

grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns, all that certain lot, piece, parcel and tract of land, lying, being and situate in Washington County, Oregon, and particularly described as a portion of Sec. 4 and 5, T 2 N. R. 4 W., a strip of land 80 feet wide, being 40 feet on each side of the center line of the Pacific Railway & Navigation Company's Railway, as now <u>surveyed and located</u> on said land and described as follows:-

     * * * [Description] * * *

     Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

     TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said[]party of the second part and unto its successors and assigns forever. And the parties of the first part hereby covenant to and with the party of the second part, its successors and assigns forever, that the parties of the first part, [sic] are the owners in fee simple of the tract of land above described, and the whole thereof, that said premises are free from all incumbrances, and that the parties of the first part, their heirs, executors and administrators, shall warrant and forever defend the above described and granted premises and every part and parcel thereof against the lawful claims and demands of all persons whomsoever.

.

Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Hannan 72/548 deed (Def.'s Ex. 49)**, conveyed fee simple title to the railroad.

    36.     The Hannan 72/549 Deed

The **Hannan 72/549 deed (Def.'s Ex. 50),** which is very similar to the above analyzed Hannan deed, provides in pertinent part:

     THIS INDENTURE, made this 21st day of August 1906, between Henry Hannon and Ella Hannon, his wife, of Washington County, Oregon, parties of the first part, and the Pacific Railway & Navigation Company, a Corporation, parties of the first part, WITNESSETH:

THAT the said parties of the first part, for and in consideration of the sum of $1.00, to them in hand paid, by the party of the second part, the receipt of which is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed, and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns, all that certain lot, piece, parcel and tract of land, lying, being and situate in Washington County, Oregon, and particularly described as a portion of Section 4, T. 2 N. R. 4 W., a strip of land 60 feet wide, and 680 feet long, <u>adjoining</u> the right of Way [sic] <u>of the Pacific Railway & Navigation Company's Railway</u>, <u>on the Right</u> , [sic] and described as follows:-

Beginning at a point 526 5/10 feet South of and 66 5/10 feet East of the North West corner of the South West quarter of the North West quarter of said Sec. 4; Running thence South 2 degrees and 38 minutes West <u>along</u> Right of Way, 242 5/10 feet; thence in a Southerly direction by a spiral to left, 90 feet; thence by a 4 degree curve to the left, 355 feet; thence East parallel  to the North line of said Section 4, 61 5/10 feet; thence in a Northerly direction on a 4 degree curve to the Right 355 feet, thence by a spiral to right, 90 feet; thence North 2 degrees and 30 minutes East, 264 3/10 to the North line of said Hannan's land; thence South 72 degrees and 40 minutes West, 61 1/10 feet to place of beginning and containing 0.96 acres.

Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said[]party of the second part and unto its successors and assigns forever. And the parties of the * * * first part hereby covenant to and with the party of the second part[,] its successors and assigns forever, that the parties of the first part, [sic] are the owners in fee simple of the tract of land a bove [sic] described, and the whole thereof, that said premises are fee from all incumbrances, and that the parties of the first part, their heirs, executors and administrators shall warrant and forever defend the above described and granted premises and every part and parcel thereof against the lawful claims and demands of all persons whomsoever.

Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or

56

fences, the court finds that the **Hannan 72/549 deed (Def.'s Ex. 50)**, conveyed fee

simple title to the railroad.

37.      The Hannan 99/354 Deed

The **Hannan 99/354 deed (Def.'s Ex. 51)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That Ella Hannan widow, of the County of Washington State of Oregon,  in consideration of the sum of Five Hundred ($500.00) Dollars to her paid by Pacific Railway and Navigation Company, a corporation, the receipt whereof is hereby acknowledged, has bargained and sold and by these[]presents does grant, bargain[,] sell and convey unto said Pacific Railway and Navigation Company[,] its successors and assigns all of the following describe premises located in Washington County, Oregon. [sic] <u>Beginning[]at a point on the east line of the r</u>ight of way <u>of said Pacific Railway and Navigation Company</u>, 1020 feet south and 135 feet east of the northwest corner of the southwest quarter of Section 4, Township 2 North range [sic] 4, Willamette Meridian, said point being 100 feet distant from main line and 30 feet distant from the north leg of the wye track as now located; running thence easterly and 30 feet distant from said wye track on 18° 30' curve, 360 feet; thence easterly and 30 feet distant from wye track extended 260 feet; thence southerly at right angles, 60 feet; thence westerly[]at right angles and 30 feet distant from said wye track extend 275 feet; thence southerly and 30 feet distance from south leg of said wye track, 510 feet <u>to the east of said</u> right of way, which point is 40 feet from the main line[;] thence northerly <u>along the said</u> right of way on a 40° curve 400 feet; then north 62 feet; thence northerly <u>along the</u> right of way on a 4° curve parallel to the main line and 100 feet distant therefrom, 215 feet to the place of beginning containing[]1.9 acres, together with all and singular the tenements , [sic] hereditaments and appurtenances thereunto belonging or in anywise appertaining. <u>The grantee herein agrees to fence said tract herein conveyed with a hog-tight fence. Grantor reserves the right to one private crossing at grade with gates[]over the tract above described at a point to be mutually agreed upon.</u>
TO HAVE AND TO HOLD[]said premises unto the said Pacific Railway and Navigation Company, its successors and assigns forever, and the grantor herein does covenant to and with the above named grantee that she is lawfully seised in fee simple of said granted premises that the same are free from all incumbrances and that she will warrant and forever defend the said premises, and every part and parcel thereof, against the lawful claims and demands of all persons whomsoever.

The court finds that the language of this deed viewed as a whole weighs in favor of finding that a fee was granted. First, the court has examined the "right of way" language in this deed which is used throughout the deed four times. In each instance, the phrase "right of way" is not being used to describe the property interest being conveyed but to describe a location.  Thus, as explained above, this deed's use of the phrase "right of way" does not indicate that an easement was conveyed.  Although this deed contains a commitment by the railroad to build fences, the deed provides for substantial consideration ($500) and has no mention of railroad purposes. Accordingly for all of these reasons this court finds that the **Hannan 99/354 deed (Def.'s Ex. 51)**, granted fee simple title to the railroad.

38.    The Hardman 5/451 Deed

The **Hardman 5/451 deed (Def.'s Ex. 52)** provides in pertinent part:

> Know all Men by These Presents[:] That for and in consideration of the sum of $250 to me in hand paid,  the receipt whereof is hereby acknowledged, I[,] Florence A. Hardman, do hereby grant, sell and convey to the Pacific Railway and Navigation Company and to its successors and assigns forever: all that portion of the land owned by me embraced in a strip of land 100 ft. wide, being 50 ft. on each side of the center line of the Pacific Railway and Navigation Company's railway, as now surveyed, located and adopted thru the lands of the aforesaid Florence Hardman, in Lot 2, Sec. 21., T. 1 N. R. 10 W., W. M. said center line being more particularly described as follows:
> * * * [Description] * * *
> Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.
> To Have and to Hold unto the Pacific Railway and Navigation Company and its successors and assigns forever; together with the right to build to build, maintain and operate thereover a railway and telegraph line.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes.  Here, the amount of consideration is not nominal ($250), there is no "right of way" language in the title or body of the deed, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  Therefore, the court finds that **Hardman 5/451 deed (Def.'s Ex. 52),** conveyed fee simple title to the railroad.

39.   The Harter 29/115 Deed

The **Harter 29/115 deed (Def.'s Ex. 53)** is entitled "Warranty Deed. No. 21042." and provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS, That [sic] we John R. Harter, his wife, of the County of Tillamook in the State of Oregon, in consideration of the sum of Three Hundred Seventy-Five ($375.00) Dollars, paid by Pacific Railway and Navigation Company, a corporation duly organized under the laws of the State of Oregon, having its principal office at the City of Portland in said State, the receipt whereof is hereby acknowledged, have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said Pacific Railway and Navigation Company, its successors and assigns, the following described parcel of land, situate in Tillamook County, in the State of Oregon, to-wit:
> <u>Our undivided two-thirds (2/3) interest in and to that certain tract or parcel of land in Tillamook County, Oregon</u>, more particularly described as follows:-
> All of a strip of land one hundred feet in width, being fifty feet in width on each side of the center line of the P. R. & N. CO. as the same is now located and constructed across the Northeast quarter of the northeast quarter of section 13, Township 1 South Range 10 West, Willamette Mariden, [sic], and also across the north six rods (Ninety-nine  feet of the southeast quarter of the Northeast quarter of said Section 13. [sic] Said center line being more particularly described as follows:-
> * * * [Description] * * *
> The above described strip of land containing 3.80 acres more or less.

It being the intention to convey <u>our undivided two-thirds (2/3) interest in the</u> right-of-way <u>of said railroad Company</u> [sic] as now used and which was acquired by us [the grantors] through deeds from Monta Davidson and Josie A. Deeter, together with all and singular the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining, and also all our estate, right, title and interest in and to the same, including dower and claim of dower.

TO HAVE AND TO HOLD The [sic] above described and granted premises unto the said Pacific Railway and Navigation Company[,] its successors and assigns forever. And we the grantors above named do covenant to and with the above named grantee, its successors and assigns, that we are lawfully seized in fee simple of the above granted premises, that the above granted premises are free from all incumbrances, and that we will and our heirs, executors and administrators, shall warrant and defend the above granted[]premises, and every part and parcel thereof, against the lawful claims and demands of all persons whomsoever.

The court finds that the language of this deed viewed as a whole weighs in favor of finding that a fee was granted.  Although the deed uses the phrase "right of way" in the body of the deed, from context, it is clear that this deed's "right-of-way" language does not refer to a property interest but is being used to describe the geographic location of the land being conveyed.  Here, the amount of consideration paid was not nominal ($375), there is no mention of a railroad purpose, nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds that the **Harter 29/115 deed (Def.'s Ex. 53)**, granted fee simple title to the railroad.

40.    The Haugen 9/204 Deed

The **Haugen 9/204 deed (Def.'s Ex. 54)** provides in pertinent part:

Thore [sic] Hagen.                              RAILWAY DEED.
                to                                      NO. 5806.
Pacific Railway and Navigation Co.

60

KNOWN ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One & 00/100 DOLLARS[,] the receipt whereof is hereby acknowledged, we, Thore [sic] Hagen and Evia Jane Hagen, husband and wife, of Tillamook County, Oregon, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

"A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee, as the same is surveyed and located through the following described tract, to-wit:

* * * [Describing the tract through which the strip being conveyed runs] * * *

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.

The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does.  Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Haugen 9/204 deed (Def.'s Ex. 54)**, conveyed fee simple title to the railroad.

41.     The Hobson 13/331 Deed

The **Hobson 13/331 deed (Def.'s Ex. 56)** provides in pertinent part:

Know all Men by These Presents: That for and in consideration of the sum of Three Hundred and 00/100 Dollars, the receipt whereof is hereby acknowledged, We, Joanna Hobson and Frank P. Hobson, wife and husband, of Tillamook County, Oregon hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

"A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lots three and that part of Lot two lying East of a certain tract in Lot two owned by Theodore Parks, all in Section twenty-two, Township one North of Range ten West of Willamette Meridian, on what is known and designated as the Coast Line Route.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining. It is hereby understood and agreed that this deed <u>shall not convey to said Railway Company any</u> right of way on any lands of the grantor lying East of the curve now staked out and located to connect said Coast Line Route with the right of way <u>heretofore conveyed by the grantors herein to said Grantee</u>.

To Have and to Hold unto the above named grantee and unto its successors and assigns forever.

The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court finds that the language of this deed viewed as a whole weighs in favor of finding that a fee was granted.  Here the use of the term "right of way" is used twice in the body of the deed.  In both instances the term "right of way" is used to describe a property interest being conveyed.  However, the amount of consideration paid was not nominal ($300), there is no mention of a railroad purpose, nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  Therefore, the court finds that the **Hobson 13/331 deed (Def.'s Ex. 56)**, granted fee simple title to the railroad.

42.     The Jeffries 85/70 Deed

The **Jeffries 85/70 deed (Def.'s Ex. 59)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That Minnie Jeffries and George H.[]Jeffries her husband for and in consideration of the sum of One Dollar to them in hand paid, the receipt whereof is hereby acknowledged, do hereby bargain, sell[,] grant, convey and confirm to Pacific Railway and Navigation Company, and to its successors and assigns forever, all of the following described real property situate in the County of Washington and State of Oregon, to-wit: A strip of land one hundred feet in width, being fifty feet on each side of and parallel with the center line of the track of the Pacific Railway and Navigation Company, as the same is surveyed and located through the North half of the Northwest quarter of Section Thirty  (30) Township three (3) North, Range Four  (4) West of W.M.
> Together with the tenements, hereditaments and appurtenances, thereunto belonging or in anywise appertaining.  TO HAVE AND TO HOLD to the said Pacific Railway and Navigation Company, and to its successors and assigns forever.
> The aforesaid grantors Minnie Jeffries and George H. Jeffries do hereby covenant that they are the owners in fee simple of the above granted premises, and that they will forever warrant and defend the same unto the Pacific Railway and[]Navigation Company, its successors and assigns, against the lawful claims of all persons whomsoever.

Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Jeffries 85/70 deed (Def.'s Ex. 59)**, conveyed fee simple title to the railroad.

43.     The Johnson 9/610 Deed

The **Johnson 9/610 deed (Def.'s Ex. 61)** provides in pertinent part:

| | |
|---|---|
| Samuel Johnson | RAILWAY DEED. |
| to | NO. 6636. |
| Pacific Railway and Navigation Company. | |



* * * [EMPTY SPACE] * * *
—————MAP————
————Showing RightofWay [sic] across————
————A Tract of land 209½ ft sq. Sec 22 T1N.R10W ————
————Scale "1400ft"————
* * * [Drawing or map] * * *

 KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of Twenty five and 00/100 DOLLARS, the receipt whereof is hereby acknowledged, I, Samuel Johnson, widower, and sole heir at law of Annie Johnson, deceased, of Tillamook County, Oregon, hereinafter called the grantnrs [sic] do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

 "A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through a certain tract of land in Lot eight of section twenty two, Township one North of Range ten West of Willamette Meridian, more particularly described as follows;- [sic]
Commencing at a stake on the meander line marked with a cross, running thence in a Southerly direction 209$\frac{1}{2}$ feet, thence Westerly 209$\frac{1}{2}$ feet, thence Northerly 209$\frac{1}{2}$ feet, thence Easterly 209$\frac{1}{2}$ feet to the place of beginning. Together with the appurtenances, tenements,[]and hereditaments thereunto belonging or in anywise appertaining.

 TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever.

 The grantors [sic] above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court finds that the language of this deed viewed as a whole weighs in favor of finding that a fee was granted.  Here, although the deed at the outset uses the phrase "right of way" it is unclear if it is in reference to the interest being conveyed or is a referencing the geographic description of the drawing that was included which is labeled "MAP Showing Right[]of[]Way[]across A Tract of land

1565-NBF   Document 55   Filed 08/13/18   Page 65 of 128

209 ½ ft. sq. Sec. 22 T1N.R.10W[.]" Additionally, as discussed above in the

court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not

find that the term" Railway Deed" indicates an easement in the same way that a

deed entitled "Right of Way Deed" does.  Furthermore, the amount of

consideration is not nominal ($25), there is no mention of a railroad purpose, nor

does the deed contain any requirement for the railroad to build structures such as

crossings, cattle guards, or fences.  Looking at the whole of the deed, the court

finds that the **Johnson 9/610 deed (Def.'s Ex. 61)**, conveyed a fee to the railroad.

44.    The Jones 105/456 Deed

The **Jones 105/456 deed (Def.'s Ex. 62)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That B.H. Jones and Angie C.
Jones,[]his wife, of Forest Grove, Oreg. [sic] in consideration of One
Dollars, [sic] to them paid by Southern Pacific Company, a corporation
duly organized & existing under & by virtue of the[]laws of the State of
Kentucky[,] do hereby remise, release and forever QUITCLAIM unto the
said Southern Pacific Company and unto its successors and assigns all their
right , [sic] title and interest in and to the following describes parcel of real
estate, situate in County of Washington[,] State of Oregon,[]to-wit:
       A strip of land 17 feet in width, being 8.5 feet on each side of that
portion of the center line of a spur track now constructed at Wolcott in
Sec.[]36,[]T. 3 North ,[]R. [sic] 5 West. W.M., which lies outside the[]100
foot right of way of the Southern Pacific Company's Tillamook branch
as constructed through said Sec. 36,[]said center line being more
particularly described as follows:        Beginning at the[]intersection of
the West line of Sec 36, Township 3 North, Range 5 West, W.M., with the
center line[]of Southern Pacific Company's main track as now constructed:
thence North  88º 31' East on said center line 419.3; thence * * *; thence
southwesterly on a 15º curve to the left 109 feet to a point in Southern
Pacific Company's Southerly line of 100 foot right of way, which point is
the point of beginning of description of center line of 17 foot strip; thence
continuing * * * : said strip of land containing 0.071 acres, more or less, all
in Washington County , [sic] Oregon.       TO HAVE AND TO HOLD, the
same, together with all and singular the hereditaments and appurtenances

thereunto belonging or in anywise appertaining to the said Southern Pacific Company and to its successors and assigns forever.

The court finds that the language of this deed viewed as a whole weighs in favor of finding that a fee was granted.  Here, the court finds that the deed's use of the phrase "right of way" is not a description of the interest being conveyed but provides a geographic location.  Even though the amount of consideration is nominal ($1), without any mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Jones 105/456 deed (Def.'s Ex. 62)**, granted fee simple title to the railroad.

    45.    The Jones 94/225 Deed

The **Jones 94/225 deed (Def.'s Ex. 63)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS, That we , B. H. Jones & Angie C. Jones, his wife, of the County of Washington, in the State of Oregon, in consideration of the sum of One Dollar paid by Pacific Railway and Navigation Company, a corporation duly organized under the laws of the State of Oregon, having its principal office at the City of Portland, in said state, the receipt whereof is hereby acknowledged, have granted, bargained, sold and conveyed and by these presents do grant, bargain, sell and convey unto the said Pacific Railway and Navigation Company, its successors and assigns, the following described parcel of land, situate in Washington County, State of Oregon, to-wit: Commencing at a point in Section thirty-six (36) Township three (3) North Range five (5) West of Willamette Meridian, <u>on the southerly</u> right of way <u>line of Pacific Railway and Navigation Company</u>, said point being fifty (50) feet distant [sic] at right angles from Engineer Station 1275+38 of the said railroad, which point is 740 feet, more or less, east of and 295 feet, more or less, south of the northwest corner of said Section thirty six (36) and the initial point of the following described land; thence in a southwesterly direction <u>along said</u> right of way <u>line</u> a distance of 88 feet, more or less, to a point fifty (50) feet distant at right angles to Engineer Station 1276+20; thence * * * * . Said described land contains an area of 0.2 o[f] [sic] an acre, more or less. <u>TO HAVE AND TO HOLD the said descri bed [sic] premises unto the said Pacific Railway and Navigation Company, its successors and assigns</u>

forever, <u>for the purpose of constructing and maintaining a spur track thereon</u>, and if the said spur track shall be taken up or abandoned, then the above described and granted premises shall revert to and become the property of the grantors, their successors and assigns.

The court finds that the language of this deed viewed as a whole weighs in favor of finding that only an easement was granted. First, the deed makes clear that the purpose of the deed is to grant an easement for the purposes of allowing the railroad to build spur track and that if that track is taken up or abandoned the property shall revert to the grantors. Specifically, the deed provides that "TO HAVE AND TO HOLD the said descri bed [sic] premises unto the said Pacific Railway and Navigation Company, its successors and assigns forever, for the purpose of constructing and maintaining a spur track thereon, and if the said spur track shall be taken up or abandoned, then the above described and granted premises shall revert to and become the property of the grantors, their successors and assigns."[7] This language, together with the nominal consideration paid ($1), indicates that only an easement was granted. Additionally, the deed uses the phrase "right of way" twice to describe the interest that is being conveyed to the railroad. Therefore, the court finds that the **Jones 94/225 deed (Def.'s Ex. 63)**, conveyed an easement to the railroad.

46.   The Kostur 72/458 Deed

The **Kostur 72/458 deed (Def.'s Ex. 66)** provides in pertinent part:

THIS INDENTURE, made this 1st day of December 1906, between A. Kostur and Anna Kostur, his wife, of Washington County, Oregon,

---

[7] At oral argument, the government itself "concede[d]" that this language "that imposes and suggests a limitation on the use of the property means that [the deed] likely conveyed an easement." Arg. Tr. 52:4-10.

parties of the first part, and the Pacific Railway & Navigation Company, a Corporation, party of the second part,

WITNESSETH: That the said parties of the first part, for and in consideration of the sum of $20.00 to them in hand paid, by the party of the second part, the receipt of which is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns, all that certain lot, piece, parcel and tract of land, lying,[]being and situate in Washington County, Oregon, and particularly described as a portion of Section 4, T 2 N. R. 4 W., a strip of land 60 feet wide, by 526 5/10 feet long, adjoining the right of Way [sic] of the Pacific Railway + Navigation Railway, on the right, and described as follows:-

* * * [Description] * * *

Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof- [sic]

TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said party of the second part[]and unto its successors and assigns forever. And the parties of the first part, hereby covenant to and with the party of the second part, its successors and assigns, that the parties of the first part, [sic] are the owners in fee simple of the tract of land above described, and the whole thereof, That [sic] said premises are free from all incumbrances, and that the parties of the first part, their heirs, executors and administrators, shall warrant and forever defend the above described and granted premises and every part and parcel thereof against the lawful claims and demands of all persons whomsoever.

The court finds that the language of this deed viewed as a whole weighs in favor of finding that a fee was granted.  Here, the court finds that the deed's use of the phrase "right of way" is not a description of the interest being conveyed but provides a geographic location.  Additionally, the amount of consideration is not nominal ($20), there is no mention of a railroad purpose, and there is not any requirement for the railroad to build structures such as crossings, cattle guards, or fences. Therefore, the court finds that the **Kostur 72/458 deed (Def.'s Ex. 66)**, granted fee simple title to the railroad.

47.     The Kostur 72/459 Deed

The **Kostur 72/459 deed (Def.'s Ex. 67)** is practically identical to the above

analyzed Kostur deed and provides in pertinent part:

> THIS INDENTURE, made this 1st day of December 1906, between
> A. Kostur, and Anna Kostur, his wife, of Washington County, Oregon,
> parties of the first part, and the Pacific Railway & Navigation Company, a
> Corporation, party of the second part,
>       WITNESSETH: That the said parties of the first part, for and in
> consideration of the sum of $30.00 to them in hand paid by the party of the
> second part, the receipt of which is hereby acknowledged, have granted,
> bargained and sold, conveyed and confirmed and by these presents do
> grant, bargain and sell, convey and confirm unto the said party of the
> second part, and its successors and assigns, all that certain lot, piece, parcel
> and track of land, lying, being and situate in Washington County, Oregon,
> and particularly described as a portion of Section 4 and 5, T. 2 N. R. 4 W.,
> a strip of land 80 feet wide, being 40 feet on each side of the center line of
> the Pacific Railway & Navigation Company's Railway, <u>as now surveyed
> and located</u> on said lands and described as follows:-
>       * * * [Description] * * *
>       Together with all and singular, the tenements, hereditaments and
> appurtenances thereunto belonging or in anywise appertaining , [sic] and
> the reversion[ ]and reversions, remainder and remainders, rents, issues and
> profits thereof.
>       TO HAVE AND TO HOLD, all and singular, the said premises
> together with the appurtenances unto the said party of the second part[]and
> unto its successors and assigns forever. And the parties of the first part,
> hereby covenant to and with the party of the se[c]ond part, its successors
> and assigns, that the parties of the first part, [sic] are the owners in fee
> simple of the tract of land above described, and the whole thereof, That said
> premises are fee from all incumbrances, and that the parties of the first part,
> their heirs, executors and administrators, shall warrant and forever defend
> the above described and granted premises and every part and parcel thereof
> against the lawful claims and demands of all persons whomsoever.

Here, the amount of consideration paid was not nominal ($30), there is no

reference to a "right of way" in the title or body of the deed, and no mention of a railroad

purpose nor does the deed contain any requirement for the railroad to build structures

such as crossings, cattle guards, or fences.  As such, the court finds that the **Kostur 72/459 deed (Def.'s Ex. 67)**, granted fee simple title to the railroad.

48.     The Large 5/536 Deed

The **Large 5/536 deed (Def.'s Ex. 69)** provides in pertinent part:

> Know All Men By These Presents:
> That for and in consideration of the sum of $250.00 to her in hand paid, the receipt whereof is hereby acknowledged, Mrs. J. Large does hereby grant, bargain, sell and convey to the Pacific Railway and Navigation Company, and to its successors and assigns forever: a strip of land 100 ft. wide, being 50 ft. on each side of the center line of the railway of the Pacific Railway and Navigation Company, as now surveyed and located thru this land of the aforesaid Mrs. J. Large in Lots 3 and 4, Sec. 21, T. 1 N. R. 10 W., W.M. said center line being more particularly described as follows, to wit:
> * * * [Description] * * *
> Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining;
> To Have and to Hold unto the Pacific Railway and Navigation Company and to its successors and assigns forever; together with the right to build, maintain and operate thereover a railway and telegraph line.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes..  Here, the amount of consideration is not nominal ($250), there is no "right of way" language in the title or body of the deed, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  Therefore, the court finds the **Large 5/536 deed (Def.'s Ex. 69)**, conveyed fee simple title to the railroad.

49.     The Latimer 6/429 Deed

The **Latimer 6/429 deed (Def.'s Ex. 71)** provides in pertinent part:

KNOWN ALL MEN BY THESE PRESENTS,  That I, Permelia [sic] A. Latimer, widow, of Tillamook County, Oregon, in consideration of Six Hundred and Forty (640.00) Dollars to me paid by the Pacific Railway and Navigation Company, a corporation organized and doing business within the State of Oregon, have and do hereby grant, bargain, sell and convey unto the said corporation, its successors and assigns, a strip of land across <u>my farm</u> now occupied by my son, William Latimer, being parts of Section Eighteen (18) and Nineteen (19) in Township One (1) South Range Nine (9) [sic] West of the Willamette Meridian, Tillamook County, Oregon, said strip being One Hundred feet wide and lying fifty feet wide on each side of the center line of the railway of the grantee, which center line is described so far as it affects our land, as follows:
> * * * [Description] * * *
TO HAVE AND TO HOLD unto the said Pacific Railway and Navigation Company, its successors and assigns forever, also hereby granting to such corporation and its assigns the right to build, maintain and operate over said lands a rail way [sic] and telegraph line.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes.  Here, the amount of consideration is not nominal ($250), there is no "right of way" language in the title or body of the deed, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  Therefore, the court finds the **Latimer 6/429 deed (Def.'s Ex. 71)**, conveyed fee simple title to the railroad.

50.    The Marey 5/477 Deed

The **Marey 5/477 deed (Def.'s Ex. 72)** provides in pertinent part:

> Know all Men by These Presents: That I, Frank Marey, unmarried, of Garibaldi, Tillamook County, State of Oregon, in consideration of the sum of $100.00, to me in hand paid, the receipt whereof is hereby acknowledged, do grant, bargain, sell and convey unto the Pacific Railway and Navigation Company, and to its successors and assigns forever, all that portion owned by me of the Ralston track, in Sec. 21, T. 1 N. R.10 W., W. M. embraced in a **strip of land** 76 ft. wide, being 50 ft[.] on the south side of the center line of the Pacific Railway

and Navigation Company's railway, as now surveyed and located **thru** <u>my premises</u>, and 26 ft. on the north side of said center line, said center line being more particularly described as follows:

* * * [Description] * * *

Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

To Have and to Hold the above described and granted premises unto the said Pacific Railway and Navigation Company, and to its successors and assigns forever; together with the right to build, maintain and operate thereover a railway and telegraph line, and I Frank Marey, the grantor above named, do covenant to and with the Pacific Railway and Navigation Company, the above named grantee, its successors and assigns that the above granted premises are free from all incumbrances, and that I will, and my heirs, executors and administrators, shall warrant and forever defend the above granted premises, and every part and parcel thereof against the lawful claims and demands of all persons whomsoever.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes. Here, the amount of consideration is not nominal ($100), there is no "right of way" language in the title or body of the deed, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences. Therefore, the court finds that the **Marey 5/477deed (Def.'s Ex. 72),** conveyed fee simple title to the railroad.

51.     The Maroney 11/513 Deed

The **Maroney 11/513 deed (Def.'s Ex. 73)** provides in pertinent part:

Matt Maroney                                    RAILWAY DEED.
to                                              NO. 7461
Pacific Railway and Navigation Co.

KNOWN ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One & 00/100 DOLLARS, [sic] the receipt whereof is hereby acknowledged, I Matt Maroney, unmarried, of Garibaldi, in Tillamook County, Oregon, hereinafter called the grantors, [sic] do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its

72

successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

"A strip of land sixty (60) feet wide being thirty (30) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lot three (3) of Section twenty nine , [sic] in Township two North of Range ten West of the Willamette Meridian. Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever. The grantors [sic] above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does. Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Maroney 11/513 deed (Def.'s Ex. 73)**, conveyed fee simple title to the railroad.

52.     The McDonald 5/473 Deed

The **McDonald 5/473 deed (Def.'s Ex. 74)** provides in pertinent part:

Know all Men by These Presents : [sic] That for and in consideration of the sum of $50.00 to him in hand paid, the receipt whereof is hereby acknowledged, J.S. McDonald unmarried, does grant, bargain, sell, and convey to the Pacific Railway and Navigation Company, and to its successors and assigns forever, a strip of land 100 ft. wide, being 50 ft. on each side of the center line of the railway of the Pacific Railway and Navigation Company, as now surveyed and located thru the lands of the aforesaid J.S. McDonald, in Lot 2, Sec. 22, T. 1 N.R. 10 W., W. M., said center line being more particularly described as follows, to wit:

* * * [Description] * * *
Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining;
To Have and to Hold unto the Pacific Railway and Navigation Company and to its successors and assigns forever : [sic] together with the right to build, maintain and operate thereover a railway and telegraph line[.]

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes. Here, the amount of consideration is not nominal ($50), there is no "right of way" language in the title or body of the deed, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences. Therefore, the court finds that the **McDonald 5/473 deed (Def.'s Ex. 74)**, conveyed fee simple title to the railroad.

53.   The McMillan 11/328 Deed

The **McMillan 11/328 deed (Def.'s Ex. 75)** provides in pertinent part:

Nillus McMillan and wife                         Railway Deed.
                    to                                      No. 7181.
Pacific Railway and Navigation Co.
      KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of the sum of Three Hundred & 00/100 DOLLARS , the receipt whereof is hereby acknowledged, We, Nillus McMillan and Sarah McMillan, husband and wife, hereinafter called the grantors, do hereby bargain, sell[,] grant, convey and confirm to  PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property, situate in the County of Tillamook and State of Oregon, to-wit:
      "A strip of land Sixty [sic] (60) feet wide, being thirty (30) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through
      Beginning at the mouth of a certain water ditch in Lot three of Section twenty Township two North of Range ten west, running hence in a South easterly direction following said ditch to its intersection with a small lake, thence out South across said lake to its South Bank, thence in an

Easterly direction following the foot of the hill to the East line of said Lot three, thence North on said line to the Nehalem Riven, thence Southerly on line of ordinary high water mark to point of beginning, containing 10 acres more or less, all in Sec. 20, T. 2 N. R. 10 W. Also the north half of South East quarter and West half of North East quarter of Section 20, T. 2 N. R. 10 W. all being situated in Tillamook County, Oregon.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever. The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does. Here, the amount of consideration is not nominal ($300), there is no mention of "right of way" in the title or body of the deed, no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences. Therefore, the court finds that the **McMillan 11/328 deed (Def.'s Ex. 75)**, conveyed fee simple title to the railroad.

54.    The McMillan 11/83 Deed

The **McMillan 11/83 deed (Def.'s Ex. 76)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS:

That for and in consideration of the sum of Three Hundred no/100 Dollars to them in hand paid, the receipt whereof is hereby acknowledged, Nillus McMillan and Sarah McMillan, his wife, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

Beginning at Stone "A" the initial point in the survey of the Townsite of Garibaldi in Section Twenty-one, [sic], Township One [sic]

North of Range Ten [sic] West of the Willamette Meridian and running thence north sixteen degrees 0' West twenty-five feet; thence East along the right-of-way line on a curve to the left with a radius of 714.5 feet a distance of 62.5 feet; thence on a spiral to the left 57.5 feet; thence North sixty-four degrees thirty minute east seventy feet to the east line of said McMillan's land; thence South sixteen degrees 0' east 46.5 feet to the southeast corner of said McMillan's land; thence South seventy-four degrees 0'west[]along said McMillian's south line 187 feet to the place of beginning and containing 14/100ths. acres.

Together with all the appurtenances, hereditaments, and tenements thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD to the above named grantee, and to its successors and assigns forever, together with the right to build, maintain and operate a railway line thereover. The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever, except only the Astoria & Columbia River Railroad Company under a certain contract or option given by the grantors to said last named corporation.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes. Additionally, the court finds that the use of the phrase "right of way" in this deed is not describing the interest conveyed but rather the geographic location. Additionally, the amount of consideration is not nominal ($300), and there is no requirement for the railroad to build structures such as crossings, cattle guards, or fences. Therefore, the court finds that the **McMillan 11/83 deed (Def.'s Ex. 76),** conveyed fee simple title to the railroad.

55.     The Mendenhall 72/550 Deed

The **Mendenhall 72/550 deed (*Albright,* Def.'s Ex. 78)** provides in pertinent part:

Exhibit A

[Map or drawing]
Plat of Right of Way across Lands of
C. J. Mendenhall
* * * *

KNOW ALL MEN BY THESE PRESENTS, That We, C. J. Mendenhall, unmarried of Washington County, Oregon, and Edward [M]endenhall, of Portland, Multnomah County, Oregon, in consideration of the sum of One Hundred and Thirty Dollars ($130) to us paid, and in consideration of the conditions hereinafter imposed, do hereby bargain, sell, and convey unto the Pacific Railway and Navigation Company, a Corporation, and unto its successors and assigns forever, all of the following described real property, lying, being and situate in Washington County, Oregon, and  described as follows: to-wit:- [sic]

A part of Section 4, T 2 N. R. 4 W., a strip of land 80 feet wide being 40 feet on each side of the center line of the Pacific Railway & Navigation Company, as now surveyed and located on said lands,[]and described as follows:-

* * * [Description] * * *

A plat of which Right of Way is hereto attached, marked "A" and made a part hereof.

TO HAVE AND TO HOLD said land unto the said Pacific Railway & Navigation Company, and unto unto [sic] its successors and assigns, as a <u>Right of Way</u> for it and its successors, with the agreement and providing that said Grantee, [sic] its successors a[n]d assigns , [sic] shall perpetually maintain lawful fences on each side of the <u>said</u> Right of Way <u>hereinbefore described</u>, and one cattle guard crossing at such point upon <u>said</u> Right of Way as the Grantors or their heirs or assigns shall designate, within thirty (30) days from the date of the delivery of this deed. And the Grantee , [sic] C. J. Mendenhall does for himself[,] his heirs and assigns, covenant to and with said Pacific Railway & Navigation Company, its sucesso[r]s and assigns, that said tract of land hereinbefore described is free from all incumbrances, save and except a lease in favor of one A. B. Davis, for whom said Davis cleirs [sic] the lands hereby conveyed but which if it does cover such land is to that extend and in some other respects is at least the result of carelessness on part of lessee and mistake and from which lease the grantee must secure a release at its own expense and that C. J. Mendenhall will forever warrant and defend the title to said premises unto the said Pacific Railway & Navigation Company, it successors and assigns forever.

The court finds that the language of this deed viewed as a whole weighs in favor

of finding that only an easement was granted.  This deed uses the phrase "right of way"

several different times.  The deed includes a drawing which it labels "Exhibit A" and

describes as "Plat of Right of Way across Lands of C. J. Mendenhall."  In this context,

this deed, like the **Johnson 9/610 deed (Def.'s Ex. 61)** previously discussed, is using the

label "Right of Way" in a way that is akin to the way in which a deed entitled "Right of

Way" deed uses the phrase "Right of Way" in its title to indicate an interest in property.

This is further confirmed when the deed states "A plat of which Right of Way is hereto

attached, marked 'A' and made a part hereof."

The deed also contains the following language "TO HAVE AND TO HOLD said

land unto the said Pacific Railway & Navigation Company, and unto unto [sic] its

successors and assigns, as a Right of Way for it and its successors, . . . ." The government

agrees that this "deed's use of the phrase 'right of way' in the habendum clause, rather

than as part of the geographic description of the land conveyed, makes clear that it is

imposing a limitation on the use of the land."  Def.'s Objs. at 4 n.1 (quoting *Bouche*, 293

P.2d at 209).  This deed grants the estate to the railroad "as a Right of Way."  This

language indicates the purpose for which the land is to be used and limits the estate being

conveyed.  The deed also contains the phrases "said Right of Way hereinbefore

described" and "upon said Right of Way[,]" both of which are using the phrase "Right of

Way" to refer to the interest being conveyed.  Furthermore, the deed contains a

commitment by the railroad to build and maintain fences and a cattle guard crossing.

Although this deed has substantial consideration ($130), viewed in light of the

deed as a whole, the factors weighs in favor of construing this deed to have conveyed

only an easement.  Therefore, the court finds that the **Mendenhall 72/550 deed (Def.'s, Ex. 78)**, conveyed an easement to the railroad.[8]

56.     The Noland 74/108 Deed

The **Noland 74/108 deed (Def.'s Ex. 79)** provides in pertinent part:

Know all Men by these Presents, *That*
        Mrs Lena Noland
    of       Portland      xxxxxxxx     *State of Oregon, in consideration of*
Seventy nine and twenty, one Hundredths ($79.20/100)          DOLLARS,
*to*   me    *paid by*     Pacific Railway and Navigation Company
*of*  Portland         xxxxxx          *State of Oreg*on, * * *
* * * * * *has bargained and sold, and by these presents does grant,
bargain, sell and convey unto said*
Pacific Railway Navigation Company[,] is [sic] successors
* * * *and assigns, all the following bounded and described real property,
situated in the County of Washington and State of Oregon:*
    A strip of land 100 feet wide being 50 feet on each side of the center
line of the Pacific Railway and Navigation Company's Railway, <u>as
surveyed, located and adopted</u> across the south 1/2 of N W $\frac{1}{4}$ of Sec. 30.
[sic] T [sic] 3 N. R. 4 W- [sic] W. M. said center line being described as
follows: * * *[Description] * * * and containing 7.89 acres.
*Together with all and singular the tenements, hereditaments and
appurtenances thereto belonging or in anywise appertaining and also all*
        her     *estate, right, title and interest in and to the same,
including dower and claim of dower.*
    *TO HAVE AND TO HOLD the above described and granted premises
unto the said*
        PACIFIC RAILWAY AND NAVIGATION COMPANY[,]    its
successors   * * * *and assigns forever. And*
        Mrs. Lena Noland[,]
*grantor above named do* es [sic] *covenant to and with* Pacific Railway and
Navigation Company
*the above named grantee*[,] is [sic] successors *and assigns that* she is
lawfully seized   *in fee simple of the above granted premises, that they are
free from all incumbrances*
* * * * [Blank Space] * * *

─────────────

[8] The government also later agreed this deed conveyed an easement to the railroad.  *See* Def.'s Objs. at 4 n.1.

*and that* she *will and* her *heirs, executors and administrators shall warrant and forever defend the above granted premises, and ever part and parcel thereof, against the lawful claims and demands of all persons whomsoever.*
(italics in original).

Here, the amount of consideration paid was not nominal ($79.20), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences. As such, the court finds that the **Noland 74/108 deed (Def.'s Ex. 79),** granted fee simple title to the railroad.

57.     The Ostrander 9/205 Deed

The **Ostrander 9/205 deed (Def.'s Ex. 80)** provides in pertinent part:

Chas. [sic] Ostrander and wife               Railway Deed.
to                                                            No. 5807.
Pacific Railway and Navigation Co.
        KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of the sum of Five Hundred Fifty & 00/100 DOLLARS[,] the receipt whereof is hereby acknowledged, we, Charles R. Ostrander and Frances A. Ostrander, husband and wife, of Bay City, in the County of Tillamook and State of Oregon, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property, situate in the County of Tillamook and State of Oregon, to-wit:
        "A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the railway of the grantee <u>as the same is surveyed and located</u> through that certain tract of land described as follows:- * * * [Describing the tract through which the strip being conveyed runs] * * *
        Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
        TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever.
        The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all

encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does.  Here, the amount of consideration is not nominal ($550), there is not any "right of way" language in the title or body of the deed, there is no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  Therefore, the court finds that the **Ostrander 9/205 deed (Def.'s Ex. 80)**, conveyed fee simple title to the railroad.

58.     The Paquet 5/316 Deed

The **Paquet 5/316 deed (Def.'s Ex. 81)** provides in pertinent part:

Fred Paquet                                    No. 2853
 to                                            Right of Way
Pacific Railway + Navigation Company              $202.60

     Know All Men by These Presents: That for and in consideration of the sum of $202.60/100 to me in hand paid, the receipt whereof is hereby acknowledged, I, Fred Paquet, unmarried, do hereby grant, bargain, sell and convey to the Pacific Railway and Navigation Company,  and to its successors and assigns forever, all those portions of the land owned by me, embraced in a strip of land 100 ft. wide, being 50 ft. on each side of the center line of the railway to the Pacific Railway and Navigation Company, as now surveyed, located and adopted thru <u>the lands of the aforesaid Fred Paquet</u>, in Lot 1, Sec. 22 T 1 N.R.10 W., W. M. said center line being more particularly described as follows: * * * [Description] * * *
     Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.
     To Have and to Hold unto the Pacific Railway and Navigation Company and to its successors and assigns forever, together with the right to build, maintain and operate thereover a railway and telegraph line.

81

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes.  The deed does use the term "Right of Way" in its title but not in the text of the deed.  In addition, the deed provides for substantial consideration ($202.60) and does not contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences. Taken all of these factors into consideration, the court finds that the **Paquet 5/316 deed (Def.'s Ex. 81)**, conveyed fee simple title to the railroad.

59.     The Petrzilka 72/203 Deed

The **Petrzilka 72/203 deed (Def.'s Ex. 83)** provides in pertinent part:

THIS INDENTURE, made this 1st day of August 1906, between Frank Petrzilka and Mary Petrzilka, his wife, of Washington County, parties of the dirst [sic] part, and the PACIFIC RAILWAY & NAVIGATION COMPANY, a Corporation, party of the second part, WITNESSETH:
That the said parties of the first part, for and in consideration of the sum of One Hundred Dollars ($100) to them in hand paid by the party of the second part, the receipt of which is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns,[]forever, all that certain Lot, [sic] piece, parcel and track of land, lying, being and situate in Washington County, Oregon, and particularly described as follows, to-wit:- A strip of land 80 feet wide, being 40 feet on each side of the center line of the PACIFIC RAILWAY & NAVIGATION COMPANY'S railway <u>as now surveyed, located, and established</u> across <u>the following described lands,</u>; The North West quarter of the North West Quar ter [sic] of Section 4 T.2.N.R.4 W. of the Will.Mer. [sic]
and also the following described tract of land, to-wit;-Beginning at the south [sic] West corner of Section 33, T.3.N.R.4.W. and running thence East 14 rods; thence Northwesterly 42 rods to a point 4 rods East of the west line of said section [sic] 33; thence Northeasterly 42 rods to a point 14 rods East of the west line of said Section 33,;[]thence [sic] West 14 rods;

82

thence South 80 rods to the place of beginning, said strip of land containing 4.31 acres.

Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents,[]issues and profits thereof.

TO HAVE AND TO HOLD all and singular the said premises together with the appurtenances, unto the said party of the second part and unto its successors and assigns forever. And the said parties of the first part, for themselves, their heirs, executors and administrators do covenant to and with the party of the second part, its successors and assigns forever, that the parties of the first part are the owners in fee simple of the above described and granted premises; That [sic] said premises and t he [sic] whole thereof are fee from all incumbrances, and that said parties of the first part, their heirs, executors and administrators shall warrant and forever defend said premises and the whole thereof against the lawful claims and demands of all persons whomsoever.

Here, the amount of consideration paid was not nominal ($100), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds that the **Petrzilka 72/203 deed (Def.'s Ex. 83)**, granted fee simple title to the railroad.

60.     The Pongratz 72/547 Deed

The **Pongratz 72/547 deed (Def.'s Ex. 85)** provides in pertinent part:

THIS INDENTURE, made this 30 [sic] day of June 1906, between Joseph Pongratz and Monika Pongratz, his wife, of Washington County, Oregon, parties of the first part, and the Pacific Railway & Navigation Company, a Corporation, party of the second part, WITNESSETH:

That the said parties of the first part, for and in consideration of the sum of $85.00 to them in hand paid by the party of the second part, the receipt of which is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed, and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns, all that certain lot, piece, parcel and tract of land,

lying, being and situate in Washington County, Oregon, and particularly described as a part of Sec. 4, T. 2 N. R. 4 W.,[]to-wit:

    A strip of land 80 feet wide, being 40 feet on each side of the center line of the Pacific Railway and Navigation Company <u>as now surveyed and located</u> on said lands, and described as follows

        * * * [Description] * * *

        Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

        TO HAVE AND TO HOLD all and singular, the said premises together with the appurtenances unto the said party of the second part and unto its successors and assigns forever. And the parties of the first part do hereby covenant that they are the owners in fee simple of the tract of land above described; That [sic] tract of land is free from all incumbrances and that they will and their heirs, executors and ad ministrators [sic] shall warrant and forever defend said tract of land and every part and parcel thereof against the lawful claims and demands of all persons whomsoever.

Here, the amount of consideration paid was not nominal ($85), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds that the **Pongratz 72/547 deed (Def.'s Ex. 85)**, granted fee simple title to the railroad.

    61.    The Portland Timber Co. 107/610 Deed

The **Portland Timber Co. 107/610 deed (Def.'s Ex. 86)** provides in pertinent part:

    KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of Ten Dollars to it in hand paid, the receipt whereof is hereby acknowledged, and other valuable considerations moving to it, PORTLAND TIMBER COMPANY, hereinafter calleD [sic] the grantor, does bargain, grant, convey and confirm to Pacific Railway And [sic] Navigation Company, hereinafter called the GRANTEE, and to its successors and assigns forever, all of the following described real property situate in the County of Washington and State of Oregon, to wit:  A strip of

land one hundred feet in width, being fifty feet on each side of the center line of the grantee's railway as the same is surveyed, staked out and located through the northwest quarter of section  34; the west half of the northwest quarter; the northeast quarter[]of the northwest quarter, and the northwest quarter of the northeast quarter of section 32; also the north half of the north half of section 31, all in township three north of range six west of the Willamette Meridian.

Together with the appurtenances, tenements and hereditaments thereunto belonging, or in any wise [sic] appertaining, with the right to construct, maintain and operate a railway thereover.

TO HAVE AND TO HOLD to the grantee and to its successors and assigns forever. And the grAntor [sic] does covenant with the grantee that it will warrant and defend the premises above granted unto the grantee, and to its successors and assigns against the lawful claims and demands of all persons whomsoever claiming or to claim under the grantor.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes.  Here, the amount of consideration is not nominal ($10.00), there is no "right of way" language in the title or body of the deed nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences. Therefore, the court finds that the **Portland Timber Co. 107/610 deed (Def.'s Ex. 86)**, conveyed fee simple title to the railroad.

62.    The Portland Timber Co. 90/50 Deed

The **Portland Timber Co. 90/50 deed (Def.'s Ex. 87)** provides in pertinent part:

Know All Men by These Presents, That the Portland Timber Company, an Oregon corporation, in consideration of the sum of Nine Hundred and Four Dollars and twenty cents ($904.20) ,[]paid [sic] by the Pacific Railway and Navigation Company, the grantee herein, receipt whereof is hereby acknowledged, does grant, bargain, sell, convey and confirm to the grantee herein, Pacific Railway and Navigation [C]ompany,

its successors and assigns forever, all of the following described real estate, situate in the County of Tillamook, State of Oregon, to-wit:

Beginning at a point where the East line of Section 3, Township 3 North, Range 6 West W. M. , [sic] interests the center line of Pacific Railway and Navigation Company's railroad, said point being 756 feet south of the northeast corner of said Section 35, and being identical with Station 1749+65 of said company's railway survey numbers, running thence along said center line in a southwesterly direction * * * [description] * * * * thence north along said east line, a distance of 50 feet to the place of beginning, <u>saving and excepting a</u> right of way <u>100 feet in width through the above des[c]ribed land granted by deed of the grantor herein to Pacific Railway and Navigation Company, dated June 30, 1909</u>, and <u>containing exclusive of said</u> right of way,[]6 acres.

Same being hereby granted for all proper railroad, depot and station ground purposes, the intent of this provision to prevent the grantee herein from platting a townsite on the said land.   TO HAVE AND TO HOLD the above described premises unto said Pacific Railway and Navigation Company, and to its successors and assigns forever.   It is understood,[]however, that the grantor herein reserves to itself all of the line trees situate upon the exterior lines of the above described premises.

This deed specifically states that the land being conveyed in the deed is "hereby granted for all proper railroad, depot and station ground purposes, the intention of this provision to prevent the grantee herein from platting a townsite on said land."  This language specifies the purpose for which the land is being granted and for which the land is to be used and thus indicates that only an easement was granted.  The deed also provides that "the grantor herein reserves to itself all of the line trees situate upon the exterior lines of the above described premises[,]" which further indicates that an easement was granted.  *See First Nat'l Bank v. Townsend,* 555 P.2d 477 (Or. App. 1976) These express provisions establish the original parties' intent to convey an easement.  As such, although the deed provides for substantial consideration ($904.20), the court finds

that the **Portland Timber Co. 90/50 deed (Def.'s Ex. 87)**, conveyed an easement to the railroad.

63.    Prickett 72/538 Deed

The **Prickett 72/538 deed (Def.'s Ex. 88)** provides in pertinent part:

> THIS INDENTURE, made this 18th day of May 1906, between J. L. Prickett and Belle Prickett his wife, of Washington County, Oregon, parties of the first part, and the Pacific Railway & Navigation Company, a Corporation, party of the second part, WITNESSETH:
>
> That the parties of the first part for and in consideration of the sum of Two Hundred Dollars ($200) to them in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed, and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns, all that certain lot, piece, parcel and tract of land, lying, being and situate in Washington County, Oregon , [sic] and particularly described as a portion of Section 25, T. 2 N. R. 4 W. Will. Mer., to-wit:-
>
> A strip of land 80 feet wide, being 40 feet on each side of the center line of the Pacific Railway and Navigation Company's Railroad, <u>as now surveyed and located</u> on said land, and described as follows:-
> * * * [Description] * * *
> Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.
>
> TO HAVE AND TO HOLD aLL [sic] and singular, the said premises together with the appurtenances unto the said party of the second part and u[n]to its successors and assigns forever.

Here, the amount of consideration paid was not nominal ($200), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences. As such, the court finds that the **Prickett 72/538 deed (Def.'s Ex. 88)**, granted fee simple title to the railroad.

64.     The Rinck 77/454 Deed

The **Rinck 77/454 deed (Def.'s Ex. 90)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One Dollar to him in hand paid, the receipt whereof is hereby acknowledged, and other valuable considerations moving to him, J. H. Rinck, an unmarried man, hereinafter called the grantor, does hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forevEr, [sic] all of the following described real property situate in the County of Washington and State of Oregon, to wit:
> "A strip of land 100 feet wide, being 50 feet on each side of the centereline [sic] of the track of the Pacific Railway and Navigation Company as the same is constructed through the North half of the northeast quarter of Section 32, in township 3 North of range 4 west of the Willamette Meridian containing 3.17 acres."
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining, granting also the grantee the right to operate a railway line thereover *as well as the fee of the aforesaid premises*. The grantor does covenant that he is seased [sic] of the aforesaid premises in fee simple and that the same are free from all liens and encumbrances, and that he will and his heirs, executors and administrators shall forever warrant and defend the same against the lawful claims and demands of all persons whomsoever.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes.  Additionally, the deed provides that it grants "the right to operate a railway line thereover as well as the fee of the aforesaid premises."  Clearly the parties intended to convey fee simple, even though the amount of consideration is nominal ($1.00), the deed does not contain the phrase "right of way" in the title or body of the deed nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  Therefore, the court finds that the **Rinck 77/454 deed (Def.'s Ex. 90)**, granted a fee to the railroad.

65.      The Rockaway Beach 12/342 Deed

The **Rockaway Beach 12/342 deed (Def.'s Ex. 91)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One & 00/100 DOLLARS, the receipt whereof is hereby acknowledged, Rockaway Beach Company, a Corporation organized and existing under the laws of the State of Oregon and First Bank Trust Company, a corporation organized and existing under the laws of the State of Oregon, hereinafter called the grantors, [sic] do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit: "A strip of land sixty (60) feet wide being thirty (30) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through
>
> Lot four of Section thirty two in Township two North of Range ten West and a strip of land twenty feet wide off the North end of Lot one of Section five, Township One North of Range two West of Willamette Meridian.
>
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
>
> TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.
>
> The grantors [sic] above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all incumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Rockaway Beach 12/342 deed (Def.'s Ex. 91)**, conveyed fee simple title to the railroad.

66.     The Rowntree 11/618 Deed; The Sampson 11/617 Deed;
        The Sampson 11/619 Deed; and The Sampson 11/620 Deed

The **Rowntree 11/618 deed (Def.'s Ex. 92); the Sampson 11/617 deed (Def.'s**

**Ex. 95); the Sampson 11/619 deed (Def.'s Ex. 96); the Sampson 11/620 deed (Def.'s**

**Ex. No. 97)** are virtually identically and thus the court will analyze these deeds together.

Each of these four deeds contains, with minor variations, the following language:

> [Name of grantor(s)]
> to                                                    Deed.
> Pacific Railway and Navigation Co.          No. ####.
>        Know All Men By these Presents, That Whereas [name of
> grantor] is the owner in fee simple of the following described real proper,
> situated in the County of Tillamook and State of Oregon, to-wit:
>        * * * [Description of grantor's *entire* property, not just strip being
> conveyed] * * *
>                NOw [sic] Therefore, in consideration of the sum of Seventy
> five and 00/100 Dollars, to [pronoun] in hand paid by the Pacific Railway
> and Navigation Company, the receipt whereof is hereby acknowledged,
> [pronoun], the said [name of grantor(s)], do hereby grant, bargain, sell and
> convey  unto said Pacific Railway and Navigation Company, its successors
> and assigns, so much of said above described tract of land as lies within the
> right of way limits of said Pacific Railway and Navigation Company, said
> right of way being a strip of land sixty feet wide, to-wit: thirty feet on each
> side of the center line of the railway of the grantee, as the same is surveyed,
> staked out and located through said tract, and said center line running on a
> tangent North six degrees and fifty eight minutes East from a point which is
> fifty four feet West of the corner common to Section 5, 6, 7 and 8 in
> TOwnship [sic] one North of Range ten West, through and beyond the land
> described herein.
>        To have and to hold the above described and granted premises unto
> the said Pacific Railway and Navigation Company, its successors and
> assigns forever.
>        And [pronoun], the said [name of grantors] The grantors above
> named do covenant to and with said Pacific Railway Company, its
> successors and assigns, that [pronoun] [is] the owner in fee simple of said
> premises, that they are free from all incumbrances, and that [pronoun] will
> and [possessive pronoun] heirs, executors, administrators and assigns shall
> warrant and forever the same against the lawful claims and demands of all
> persons whomsoever.

The court finds that the language of these deeds viewed as a whole weighs in favor of finding that the parties intended to grant a fee to the railroad.  These deeds use the phrase "right of way" twice.  It is clear from the context of these deeds that the phrase "right of way" is not intended to describe the interest granted but rather the geographic location of the land. Additionally, the amount of consideration paid was not nominal ($75), there is no mention of a railroad purpose, and the deed does not contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences. As such, the court finds that the **Rowntree 11/618 deed (Def.'s Ex. 92), the Sampson 11/617 deed (Def.'s Ex. 95)**, the **Sampson 11/619 deed (Def.'s Ex. 96)**, and the **Sampson 11/620 deed (Def.'s Ex. No. 97**), all granted fee simple title to the railroad.

67.    The Roy 11/516 Deed

The **Roy 11/516 deed (Def.'s Ex. 93)** provides in pertinent part:

| Felix Roy | Railway Deed. |
|---|---|
| to | No. 7464. |

Pacific Railway and Navigation Co.

KNOWN ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One Thousand & 00/100 DOLLARS, the receipt whereof is hereby acknowledged, I Felix Roy, a bachelor of Tillamook County, Oregon, hereinafter called the grantors, [sic] do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

"A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the railway of the grantee <u>as the same is surveyed and located</u> through Lot three of Section 36 Township 3 North of Range 9 West of W. M.  Lots two, three and thirteen of Section 31, Township 3 North of Range 9 West of W. M.  Also through a certain tract described as follows:- Beginning at the meander post on the North bank of Nehalem River on the line between Section 31 Tp. 3 N. Range 9 West and

Section 36 Tp. 3 North Range 10 West, running thence North 30 rods, thence West 208 feet, thence South to Nehalem River, thence in an Easterly direction following the North bank of Nehalem River to place of beginning in Sec. 36 Tp. 3 N. R. 10 W. of W.M.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.

The grantors [sic] above named do covenant that they are seised of the aforesaid premises in fee simple and that the same are free from all encumbrances, and that they [sic] will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does.  Here, the  amount of consideration is not nominal ($1,000), there is no use of the "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds that the **Roy 11/516 deed (Def.'s Ex. 93)**, conveyed fee simple title to the railroad.

68.    The Rupp 13/245 Deed

The **Rupp 13/245 deed (Def.'s Ex. 94)** provides in pertinent part:

Know all Men by These Presents: That for and in consideration of the sum of Ten Dollars ($10.00), the receipt whereof is hereby acknowledged, and other valuable considerations moving to them, John J. Rupp and Betty N. Rupp, of Saginaw, Michigan, hereinafter called the grantor, does bargain, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, a strip of land one hundred (100) feet in width, being fifty (50) feet on each side of the center line of the railway of the grantee, as the same is surveyed and located

through the following described real property, situate in the County of Tillamook and State of Oregon, to wit:

      * * * [Describing the property through which the strip conveyed runs] * * *

      Together with the appurtenances, tenements and hereditaments thereunto belonging, or in anywise appertaining.

      To Have and to Hold to the grantee and to its successors and assigns forever.

      The grantors covenant with the grantee that they will warrant and defend the premises herby granted against the lawful claims and demands of all persons whomsoever claiming the same by, through or under the grantor. [sic]

Here, the amount of consideration is not nominal ($10), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds that the **Rupp 13/245 deed (Def.'s Ex. 94)**, conveyed fee simple title to the railroad.

      69.      The Schrader & Groat 11/354 Deed

The **Schrader & Groat 11/354 deed (Def.'s Ex. 98)** provides in pertinent part:

  Paul Schrader et ux
& John Groat et ux                  Railway Deed.
    to                       No. 7235.
Pacific Railway and Navigation Co.

      KNOWN ALL MEN BY THESE PRESENTS, That for and in consideration of Two Hundred & 00 DOLLARS, the receipt whereof is hereby acknowledged, we, Paul Schrader and Lillie R. Schrader[,] husband and wife, and John Groat and Lillian A. Groat , [sic] husband and wife, hereinafter called the grantors[,] do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee[,] and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

      "A strip of land sixty feet wide being thirty feet on each side of the center line of railway of the grantee <u>as the same is surveyed and located </u>through Lot one of Section five, in Township One North of range ten West of Willamette Meridian,

save and except seven acres off the South[]and a strip of land twenty feet wide off the North end of said Lot one.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.

The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does.  Here, the deed provides for consideration that is not nominal ($200), does not use the phrase "right of way" in the title or body of the deed, and does not mention a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds that the **Schrader & Groat 11/354 deed (Def.'s Ex. 96)**, conveyed fee simple title to the railroad.

70.    The Sibley 23/301 Deed

The **Sibley 23/301 deed (Def.'s Ex. 100)** is entitled "14999 Warranty Deed" and provides in pertinent part:

Know all Men by These Presents: That for and in consideration of the sum of Four Hundred Ninety Four ($495.00) Dollars, the receipt whereof is hereby acknowledged, Hiram W. Sibley and Margaret D. Sibley, his wife, hereinafter called the grantors, do bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:

A strip of land one hundred feet wide, being fifty feet on each side of the center line of the Pacific Railway and Navigation Company's railway as located and staked out over the south half of the southeast quarter and lot 2 of section 9, lot 1 of section 15 and lots 1 and 2 of section 16, all of Township 3 North, range 8 West, Willamette Meridian, containing nine and seventeen one hundredths (9.17) acres, said center line being more particularly described as follows:-

* * * [Description] * * *

Also a strip of land one hundred feet wide, being fifty feet on each side of the center line of the Pacific Railway and Navigation Company's railway as located and staked out over the northeast quarter of section 14, township 3 North range 8 West, Willamette Meridian, containing four and seventy six one hundredths (4.76) acres, said center line being more particularly described as follows:-

* * * [Description] * * *

Also a strip of land one hundred feet wide, being fifty feet on each side of the center line of the Pacific Railway and Navigation Company's railway as located and staked out over lot 1 of section 8 and lots 1 and 2 of section 17, all of township 3 North, range 8 West, Willamette Meridian, containing seven and seventy eight one hundredths (7.78) acres, said center line being more particularly described as follows:-

* * * [Description] * * *

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining, confirming to the grantee specifically the right to build, maintain and operate a railway line thereover.

To Have and to Hold unto the above named grantee and unto its successors and assigns forever.

The grantors do warrant with the grantee that they will warrant and defend the premises hereby granted against the lawful claims and demands of all persons claiming under the grantors.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes is not dispositive on the question of whether an easement was granted.  Here, the amount of consideration is not nominal ($495), there is no "right of way" language in the title or body of the deed, nor any requirement for the railroad to build structures such

as crossings, cattle guards, or fences.  Therefore, the court finds that **Sibley 23/301 deed**

**(Def.'s Ex. 100)**, conveyed fee simple title to the railroad.

71.    The Slattery 94/161 Deed

The **Slattery 94/161 deed (Def.'s Ex. 101)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That for and in consideration
of the sum of Ten Dollars to them in hand paid, the receipt whereof is
hereby acknowledged, and other valuable considerations moving to them,
W. C. Slattery and Delia Slattery, his wife, hereinafter called the grantors ,
do bargain, grant, convey and confirm to Pacific Railway and Navigation
Company, hereinafter called the grantee, and to its successors and assigns
forever, all of the following described real property situate in the County of
Washington and State[]of Oregon, to-wit: A strip of land one hundred feet
in width, being fifty feet on each side of the center line of the grantee's
railway as the same is surveyed, staked out and located through the
northwest quArter [sic] of Section 32 in Township 3 North of Range 5
West of the Willamette Meridian.           Together with the appurtenances,
tenements and hereditaments thereunto belonging, or in any wise [sic]
appertaining, with the right to construct, maintain and operate a railway
thereover.           TO HAVE AND TO HOLD to the grantee and to its
successors and assigns forever.     And the grantors do covenant with the
grantee that they will warrant and defend the premises above granted unto
the grantee, and to its successors and assigns against the lawful claims and
demands of all persons whomsoever claiming or to claim under the
grantors.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**,

the court finds that the language confirming that the land granted can be used for railroad

purposes does not limit the railroad's use to only railroad purposes.  Here, the amount of

consideration is not nominal ($10), there is no "right of way" language in the title or body

of the deed, nor any requirement for the railroad to build structures such as crossings,

cattle guards, or fences.  Therefore, the court finds that **Slattery 94/161 deed (Def.'s Ex.**

**101),** conveyed fee simple title to the railroad.

72.      The Smith, Loyd 16/515 Deed

The **Smith, Loyd 16/515 deed (Def.'s Ex. 103)** provides in pertinent part:

Know All Men by These Presents: That for and in consideration of the sum of One Hundred Fifty and $\frac{oo}{100}$ Dollars, the receipt whereof is hereby acknowledged, I, Lloyd C Smith a widower, of Garibaldi, Tillamook County[,] Oregon[,] hereinafter called the grantor, do hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:

A strip of land one hundred(100) [sic] feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lot 3 of Section 8, Lot 4 of Section 7, Lots 1, 2, 3, and 4 and North-West [sic] quarter of South-West[]quarter of Section 17, Lot 3 of Section 20 and Tide  Land fronting and abutting upon Lots 3 and 4 of Section 20, all in Township 1 North of Range 10 West of Willamette Meridian; save and except that from Station No 651 to Station No. 677 said right of way hereby conveyed shall be only 65 feet wide being 50 feet on the Easterly side and 15 feet on the Westerly side of said center line.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

To Have and to Hold unto the above named grantee and unto its successors and assigns forever.

The grantor above named does covenant that he is seised of the aforesaid premises in fee simple, and that the same are free from all incumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court finds that the language of this deed viewed as a whole weighs in favor of finding that a fee was granted.  Here, the court finds that the deed's use of the phrase "right of way" is not a description of the interest being conveyed but provides a geographic location. Even though the amount of consideration is nominal ($1), without any mention of a railroad purpose, nor any requirement for the railroad to build structures

such as crossings, cattle guards, or fences, the court finds that the **Smith, Loyd 16/515 deed (Def.'s Ex. 103),** granted fee simple title to the railroad.

73.    The Stanley 11/113 Deed

The **Stanley 11/113 deed (Def.'s Ex. 104)** provides in pertinent part:

F. S; [sic] Stanley et al                    Railway Deed.
to                                                      NO. 6844.
Pacific Railway and Navigation Co.
           KNOW ALL MEN BY THESE PRESENTS: That for and in
consideration of the sum of One DOLLARS, [sic] the receipt whereof is
hereby acknowledged, F. S. Stanley and Ruth M. Stanley, his wife, Robert
Smith, a single man; W. D. Wheelwright, a single man; - [sic] E. E. Lytle
and Lizzie M Lytle, his wife, and May Enright, a single woman, hereinafter
called the grantors, do herby bargain, sell, grant, convey and confirm, to
PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter
called the grantee, and to its successors and assigns forever, all of the
following described real property, situate in the County of Tillamook and
State of Oregon, to-wit:
           "A strip of land one hundred (100) feet wide, being fifty (50) feet on
each side of the center line of the railway of the grantee, as the same is
surveyed and located through the East half of the South East [sic] quarter of
Section Twenty [sic] (20) in Township Three [sic] (3) North, [sic] of Range
Seven [sic] (7) West, W. M.
           Together with the appurtenances, tenements and hereditaments
thereunto belonging or in anywise appertaining.
           TO HAVE AND TO HOLD unto the above named grantee and unto
its successors and assigns forever.
           The grantors above named do covenant that they are seised of the
aforesaid premises in fee simple, and that the same are free from all
encumbrances, and that they will warrant and defend the premises herein
granted unto the grantee aforesaid, and unto its successors and assigns
against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does.  Here, even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body

of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Stanley 11/113 deed (Def.'s Ex. 104),** conveyed fee simple title to the railroad.

74.    The State of Oregon 70/76 Deed

The **State of Oregon 70/76 deed (*Loveridge*, ECF No. 28, Ex. J-54)** provides in pertinent part:

> State of Oregon, by and through
> the State Highway Commission             No. 63061 Bargain and Sale Deed.
> To
> Southern Pacific Company, a corp.
> ### BARGAIN AND SALE DEED
> THIS INDENTURE WITNESSETH, that the STATE OF OREGON, by and through its State Highway Commission, for the consideration of the sum of One and no/100 Dollars ($1.00) and other valuable considerations to it paid, has bargained and sold and by these presents does bargain, sell and convey unto the SOUTHERN PACIFIC COMPANY, a corporation, the following described premises, to-wit:
> A parcel of land in Lots 5 and 6 of Section 22, Twp. 1 North, Range 10 West, W. M., Tillamook County, Oregon, said parcel being a strip of land of varying width lying on the westerly side of and <u>contiguous to the present</u> right of way of the Tillamook Brach of the Southern Pacific Company; said parcel of land being more particularly described as follows:
> Commencing at a point in the original center line of the Tillamook Brach of the Southern Pacific Company <u>as it is now laid out, owned and operated</u> over and across Section 22, Twp. 1, Range 10 West, W. M., County of Tillamook, State of Oregon, said point being known as Engineer's Station 497+19.8 E. C. of the said center line; thence North 24° 25' West at right angles to said center line a distance of 50.0 feet <u>to a point in the original northwesterly</u> right of way <u>line of said Branch railroad</u>; said point being the actual point of beginning of this description; <u>thence along said original</u> right of way <u>line in a southwesterly direction</u> on the arc of a taper curve to the left parallel to and always 50 feet northwesterly from the center line of the original location of said railroad, (the long cord of said taper curve bears South 64° 35' West) a distance of 122.6 feet to a point, said point being 50.0 feet northwesterly from Engineer's Station 495+99.8 C. C. T 2 of the center line of the original constructed line; thence * * * *; containing 0.32 acres.

This deed is an exchange deed given under terms of Section 44-118, Oregon Code 1930.

**TO HAVE AND TO HOLD** the said premises, with their appurtenances, unto the said Southern Pacific Company, a corporation, its successors and assigns forever.

This deed is entitled "BARGAIN AND SALE DEED" and specifies that the deed "is an exchange deed given under terms of Section 44-118, Oregon Code 1930." According to the Oregon Court of Appeals, it is "the settled common-law understanding of the purpose and effect of a bargain and sale deed" that "[t]he essential purpose of a bargain and sale deed is to convey whatever title the seller has, without providing a warranty on the seller's part of the nature or quality of that title." *Winters v. Cty. of Clatsop*, 150 P.3d 1104, 1107 (Or. App. 2007) (citing *City of Bend v. Title & Trust Co.*, 289 P. 1044 (Or. 1930) (a bargain and sale deed "contain[]no warranties" and only "act as an instrument of conveyance.

Although this deed uses the phrase "right of way" in the body of the deed it is not describing the interest being conveyed by the deed but rather the geographic location.  In addition, although the deed provides for only $1 in consideration it  does not contain any railroad purpose language.  The court finds that the **State of Oregon 70/76 deed (*Loveridge*, ECF No. 28, Ex. J-54)**, granted fee simple title to the railroad.

75.   The Stowell 75/32 Deed

The **Stowell 75/32 deed (Def.'s Ex. 105)** provides in pertinent part:

THIS INDENTURE, made this 8th day of February A.D.1907, between S. H. Stowell and Josephine Stowell, his wife, of Washington County, Oregon, parties of the first part, and the PACIFIC RAILWAY & NAVIGATION COMPANY, party of the second part, WITNESSETH:

That the parties of the first part, for and in consideration of the sum of $50.00 and other good and valuable consideration to them in hand paid, by the party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns all that certain lot, piece, parcel and tract of land, lying, being and situate in t[h]e County of Washington, State of Oregon and being more particularly described as follows:-

Being in the S. W. [1/4] of Sec.[]33 and in the N. E. [1/4] of Sec 32, all in[]T. 3 N R. 4. W. Will. Mer. a strip of land 100 feet wide being 50 feet on each side of the center line of the Pacific Railway and Navigation Company's Railway, as surveyed, located and adopted across said lands and described as follows:-

Beginning at a point where the East line of said Right of Way intersects the West line of said Stowells [sic] land, 475 feet North and 109 feet East of the Southwest corner of said Section 33; Running [sic] thence in a Northwesterly direction along said West line, 180 feet; thence in a North Easterly direction along said West line, 520 feet to its intersection with the West line of said Right of Way; thence in a Northeasterly dire[c]tion along said Right of way, [sic] on a spiral to the Right, 170 feet; thence * * * *; Also Beginning [sic] at a point where the West line of said Right of Way intersects the East line of said N. E. $\frac{1}{4}$ of said Sec. 32, 390 feet North of the Southeast corner thereof; Running * * * *, and containing 6.96 acres.

Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said Pacific Railway & Navigation Company, its successors and assigns forever,[]And [sic] We, [sic] S. H,. Stowell and Josephine Stowell, his wife, grantors above named, do covenant to and with the Pacific Railway & Navigation Company, the above n[a]med grantee, its successors and assigns, that the above granted premises are fee from all incumbrances, and that we will and our heirs, executors and administrators, shall warrant and forever defend the above granted premises and every part and parcel thereof against the lawful claims and demands of all persons whomsoever.

The court finds that the phrase "right of way" is being used to describe the geographic location of the preexisting railway line, rather than to refer to the interest

being conveyed by the deed.  Additionally, the amount of consideration paid was not

nominal ($50), there is  no mention of a railroad purpose nor does the deed contain any

requirement for the railroad to build structures such as crossings, cattle guards, or fences.

Therefore, the court finds that the **Stowell 75/32 deed (Def.'s Ex. 105),** conveyed fee

simple title to the railroad.

76.    The Surman 6/40 Deed

The **Surman 6/40 deed (Def.'s Ex. 106)** provides in pertinent part:

> Know all Men By These Presents: That for and in consideration of
> the sum of $150.00 to him in hand paid, the receipt whereof is hereby
> acknowledged, James Surman, unmarried, does hereby grant, bargain, sell
> and convey to the Pacific Railway and Navigation Company, and to its
> successors and assigns forever: <u>all that portion of the land owned by him</u>
> embraced in a strip of land 100 ft. wide, being 50 ft. on each side of the
> center line of the Pacific Railway and Navigation Company's railway as
> now surveyed, located and adopted thru <u>the lands of the aforesaid James</u>
> <u>Surman</u>, in Lot 2 Section 22, T. 1 N., R. 10 W., W. M., said center line
> being more particularly described as follows:
> * * * [Description] * * *
> Together with the tenements, hereditaments and appurtenances
> thereunto belonging or in anywise appertaining;
> To Have and to Hold unto the Pacific Railway and Navigation
> Company and to its successors and assigns forever; together with the right
> to build, maintain and operate thereover a railway and telegraph line.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**,

the court finds that the language confirming that the land granted can be used for railroad

purposes does not limit the railroad's use to only railroad purposes.  Here, the amount of

consideration is not nominal ($150), there is no "right of way" language in the title or

body of the deed, nor any requirement for the railroad to build structures such as

crossings, cattle guards, or fences.  Therefore, the court finds that the **Surman 6/40 deed (Def.'s Ex. 106)**, conveyed fee simple title to the railroad.

77.     The Thayer 11/355

The **Thayer 11/355 deed (Def.'s Ex. 107)** provides in pertinent part:

Claude Thayer and wife                            Railway Deed.
to                                               No. 7236.
Pacific Railway and Navigation Co.
        KNOW ALL MEN By [sic] THESE PRESENTS; That for and in
consideration of the sum of One & 00 DOLLARS, the receipt whereof is
hereby acknowledged, we, Claude Thayer and Estelle Thayer, husband and
wife, hereinafter called the grantors, do hereby bargain, sell, grant, convey
and confirm to PACIFIC RAILWAy [sic] AND NAVIGATION
COMPANy, [sic] hereinafter called the grantee, and to its successors and
assigns forever, all of the following described real property situate in the
County of Tillamook and State of Oregon, to-wit:
        "A strip of land one hundred (100 ) [sic] feet wide being fifty (50)
feet on each side of the center line of the railway of the grantee as the same
is now surveyed and located through; [sic]
Tide Land fronting and abutting on Lot 1 of Sec. 21, T. 1 N. R. 10 W.
except Town of Garibaldi.
Also beginning at a point at ordinary high water line South 84º West 24
links dist. from the meander corner between Sections 20 and 21, T. 1 N. R.
10 W. thence South 65º East on ordinary high water line 3.21 chains,
thence North 17.89 chains, thence West 2.91 chains, thence South 16.53
chains to point of beginning.
        Also through an underlined underlined one half interest in the following tracts;-
        Beginning at a point on ordinary high water line 34 links South and
320 links West of the meander corner between Sections 20 and 21 T. 3 N.
R. 10 W. thence N. 84º East 3.02 chains on ordinary high water line, thence
North 16.53 chains, thence West 3.00 chains, thence South 16.84 chains to
place of beginning;  also through an underlined undivided one half interest in Lots 5, 6,
7, and 8 in Block 3 and Lots 4, [sic] and 5 in Block 4, all in the Town of
Garibaldi.
        Together with the appurtenances, tenements and hereditaments
thereunto belonging or in anywise appertaining.
        TO HAVE AND TO HOLD unto the above named grantee and unto
its successors and assigns forever.
        The grantors above named do covenant that they are seised of the
aforesaid premises in fee simple, and that the same are free from all

en[c]umbrances, and that they will warrant and defend the premises herein
granted unto the grantee aforesaid, and unto its successors and assigns
against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does.  Here, even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Thayer 11/355 deed (Def.'s Ex. 107)**, conveyed fee simple title to the railroad.

78.    The Thayer 18/39 Deed

The **Thayer 18/39 deed (Def.'s Ex. 108)** is entitled "1134 Railway Deed" and provides in pertinent part:

> Know All Men by These Presents: That for and in consideration of the sum of One & 00/100 Dollars, the receipt whereof is hereby acknowledged, We, Claude Thayer and Estelle Thayer[,] husband and wife, of Tillamook, Oregon, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:
> "A strip of land one hundred(100) [sic] feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lot eight of Section twenty two, in Township one North of Range ten West of Willamette Meridian, save and except a certain one acre tract heretofore conveyed out of said Lot eight;
> Also through the tide lands fronting and abutting upon Lots seven and eight in said Section twenty two, in Township one North of Range ten West of Willamette Meridian.
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
> To have and to hold unto the above named grantee and unto its successors and assigns forever.

The grantors above named do covenant that they are seized of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does.  Here, even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Thayer 18/39 deed (Def.'s Ex. 108),** conveyed fee simple title to the railroad.

79.     The Thronburgh 72/531 Deed

The **Thornburgh 72/531 deed (Def.'s Ex. 109)** provides in pertinent part:

THIS INDENTURE , [sic] made this 12th day of October 1906, between A. Thornburgh, widower, and O. C. Thornburgh, of Washington County, Oregon, parties of the first part, and the Pacific Railway & Navigation Company, a Corporation, party of the second part, WITNESSETH:
That the said parties of the first part, for and in consideration of the sum of Three hundred dollars ($300) to them in hand paid by the party of the second part, the receipt of which is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns, all that certain, [sic] lot, piece, parcel and tract of land, lying, being and situate in Washington County, Oregon, and particularly described as a portion of Sec. 24, T. 2. N. R. W., Will. Mer., a strip of land 80 feet wide, being 40 feet on each side of the center line of the Pacific Railway and Navigation Company's Railway, <u>as now surveyed and located</u> on said land and described as follows:
* * * [Description] * * * and containing 4.11 acres, and also
A part of Sections 14 and 15, T. 2. N. R. 4 W. ; [sic] a strip of land 80 feet wide, being 40 feet on each side of the center line of the Pacific

Railway & Navigation Company's Railway, <u>as now surveyed and located</u> on said land, and described as follows:

* * * [Description] * * *, and containing 6.45 acres.

Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and[]remainders, rents, issues and profits thereof.

TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said party of the second part and unto its successors and assigns forever. And the parties of the first part hereby covenant to and with the party of the second part, its successors and assigns, that the parties of the first part, [sic] are the owners in fee simple of the tract of land above described, and the whole thereof; That [sic] said premises are fee from all incumbrances, and that the parties of the first part, their heirs, executors and administrators, shall warrant and forever defend the above described and granted premises and every part and parcel thereof against the lawful claims and demands of all persons whomsoever.

Here, the amount of consideration paid was not nominal ($300), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences. As such, the court finds that the **Thornburgh 72/531 deed (Def.'s Ex. 109)**, granted fee simple title to the railroad.

80. The Thurnheer 114/339 Deed

The **Thurnheer 114/339 deed (Def.'s Ex. 110)** is a form deed and provides in pertinent part:

Know all Men by these Presents, that      Lawrence Thurnheer and Alice Thurnheer, husband and wife
of      Washington County      xxxxxx      *State of Oregon, in consideration of* Fifty ($50.00)                                                DOLLARS,
to      them   paid by      Southern Pacific ComPany, [sic] a corporation
of   the State of Kentucky,  * * *
* * * have bargained and sold, and by these presents do grant, bargain, sell and convey unto said Southern Pacific ComPany, [sic] its successors and

* * * assigns, all the following bounded and described real property, situated in the County of Washington and State of Oregon

A strIP [sic] of land 20 feet in width <u>adjoining the 100 foot</u> right-of-way <u>of the Tillamook Brach of said Railroad ComPany</u> [sic] through section 30, townshiP [sic] 3 N, range 4 W, WM, on its northerly side and extending from the east line of section 30 westerly <u>adjacent to said 100 foot</u> right-of-way a distance of 930 feet, more or less, to the northerly line of County Road through said section 30, said parcel of land containing 0.43 acres, more or less, all in section 30, T 3 N. R 4 W. WM. [sic]

* * * * * * [Blank Space] * * * * * *

Together with all and singular the tenements, hereditaments and appurtenances there   to [sic] belonging or in anywise appertaining, and also all      their   estate, right, title and interest in and to the same, including dower and claim of dower.

To Have and to Hold the above described and granted premises unto the said Southern Pacific Company[,]  its successors

*** and assigns forever. And Lawrence Thurnheer and Alice Thurnhere,

grantors   above named do   covenant to and with Southern Pacific Company[,]

the above named grantee[,] its successors * * * and assigns that   they are lawfully seized   in fee simple of the above granted premises[,] that the above granted premises      are free from all incumbrances * * *

and that    they   will and   their   heirs, executors and administrators shall warrant and forever defend the above granted premises, and ever part and parcel thereof, against the lawful claims and demands of all persons whomsoever.

(italics in original).

The court finds that the language of this deed viewed as a whole weighs in favor of finding that a fee was granted.  Here, the court finds that the deed's use of the phrase "right of way" is not a description of the interest being conveyed but provides a geographic location.  Additionally, the amount of consideration paid was not nominal ($50) and there is no reference to a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.

As such, the court finds that the **Thurnheer 114/339 deed (Def.'s Ex. 110)**, granted fee

simple title to the railroad.

81.     The Tillamook Beach Realty 11/599 Deed

The **Tillamook Beach Realty 11/599 deed (Def.'s Ex. 111)** provides in pertinent

part:

> KNOW ALL MEN BY THESE PRESENTS that <u>for and in consideration of the covenants and agreements entered into between the PACIFIC RAILWAY AND NAVIGATION COMPANY, a corporation[,] and the TILLAMOOK BEACH REALTY COMPANY, a corporation[,] by agreement dated this 27th. day of July, 1909,</u> said TILLAMOOK BEACH REALTY COMPANY, a corporation, does hereby grant, bargain, sell and convey to PACIFIC RAILWAY AND NAVIGATION COMPANY, its successors and assigns forever, all of the following described real property situated in the County of Tillamook and State of Oregon, to-wit:
>
> A strip of land sixty (60) feet wide, being thirty (30) feet on each side of the center line of the railway of the Pacific Railway and Navigation, as the same is surveyed and located through the following described premises, situated in Tillamook County, Oregon, to-wit:
>
> * * * [Description of the premises through which the strip runs, not the strip itself] * * *
>
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
>
> To Have and to Hold unto the above named Pacific Railway and Navigation Company, its successors and assigns.

Although this deed does not list any money as consideration, there are other

indicia that the parties intended to convey fee simple title.  The deed lacks any "right of

way" language in the title or body, there is no mention of railroad purposes, nor any

requirement for the railroad to build structures such as crossings, cattle guards, or fences.

As such, the court finds that the **Tillamook Beach Realty 11/599 deed (Def.'s Ex. 111)**,

conveyed fee simple title to the railroad.

82.    The Turner 72/538 Deed

The **Turner 72/528 deed (Def.'s Ex. 113)** provides in pertinent part:

THIS INDENTURE, made this 21st day of August 1906, between Montgomery Turner and Bessie Turner, his wife, of Washington County, parties of the first part, and the Pacific Railway & Navigation Company, a Corporation, a Corporation, party of the second part, WITNESSETH:

That the said parties of the first part, for and in consideration of the sum of Fifteen Dollars ($15) to them in hand paid by the party of the second part, the receipt of which is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns, all that certain lot, piece, parcel and tract of land, lying, being and situate in Washington County, Oregon, and particularly described as a portion of Sec. 25, T. 2 N. R. 4 W. Will. Mer. a strip of land 60 feet wide, being 30 feet on each side of the center line of the Pacific Railway and Navigation Company's Railway, as now surveyed and located on said land, and described as follows:-

* * * [Description] * * *

Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

[T]O HAVE aND [sic] TO HOLD, all and singular, the said premises together with the appurtenances unto the said party of the second part and unto its successors and assigns as long as used and operated for Railway and Transportation purposes.

And the parties of the first part hereby covenant to and with the party of the second part, its successors and assigns, that the parties of the first part, [sic] are the owners in fee simple of the tract of land above described, and the whole thereof. That said premises are free from all incumbrances,

This deed states that the railroad shall have the property "as long as used and operated for Railway and Transportation purposes." The government argues that this language indicates that the parties intended to convey a fee simple determinable. However, for the same reasons as discussed in the court's analysis of the **Carstens 72/530 deed (Def.'s Ex. 20)**, this deed is different from the deed in *Tolke,* in which the

Oregon court found a fee simple determinable interest, because the deed does not provide

for an express reversion back to the grantor. Therefore, the court finds that the **Turner

72/528 deed (Def.'s Ex. 113)**, grants an easement the railroad.

83. The Twin Rocks Land Co. 13/450 Deed

The **Twin Rocks Land Co. 13/450 deed (Def.'s Ex. 114)** provides in pertinent

part:

> Know all Men by These Presents that <u>for an[d] in consideration of
> the covenants and agreements entered into between the Pacific Railway
> and Navigation Company, a corporation, and the Twin Rocks Land Company, a
> corporation, by agreement dated this 6th day of November, 1909,</u> said Twin
> Rocks Land Company, a corporation, does hereby bargain, grant, sell and
> convey to Pacific Railway and Navigation Company, its successors and
> assigns forever, all of the following described real property situated in the
> County of Tillamook and State of Oregon, to-wit:
>     A strip of land sixty (60) feet wide being thirty (30) feet on each side
> of the center line of the railway of the PACIFIC RAILWAY AND
> NAVIGATION COMPANY, as the same is surveyed and located through
> the following described premises, situated in Tillamook County, Oregon,
> to-wit:
>     * * * [Description of the premises through which the strip runs, not
> the strip itself] * * *
>     Together with the appurtenances, tenements and hereditaments
> thereunto belonging or in anywise appertaining.
>     TO HAVE AND TO HOLD unto the above named PACIFIC
> RAILWAY AND NAVIGATION COMPANY, its successors and assigns.

Although this deed does not list any money as consideration, there are other

indicia that the parties intended to convey a fee simple. The deed lacks any "right of

way" language in the title or body, there is no mention of railroad purposes, nor any

requirement for the railroad to build structures such as crossings, cattle guards, or fences.

As such the court finds that the **Twin Rocks Land Co. 13/450 deed (Def.'s Ex. 114)**,

conveyed fee simple title to the railroad.

110

84.    The Vantress 13/98 Deed

The **Vantress 13/98 deed (Def.'s Ex. 115),** which the parties in *Loveridge*

stipulated as having granted a fee simple to the railroad, but the *Albright* plaintiffs did

not, and provides in pertinent part:

> Know all Men by These Presents[:] That for and in consideration of
> the sum of Five Hundred and 00/100 Dollars[,] the receipt whereof is
> hereby acknowledged, We[,] P.B. Vantress and Bessie Vantress[,] husband
> and wife, hereinafter called the grantors[,] do hereby bargain, sell[,] grant,
> convey and confirm to Pacific Railway and Navigation Company,
> hereinafter called the grantee, and to its successors and assigns forever, all
> of the following described real property situate in the County of Tillamook
> and State of Oregon, to wit:
>
> A strip of land one hundred (100) feet wide being fifty (50) feet in
> each side of the center line of the railway of the grantee <u>as the same [is]</u>
> <u>surveyed and located</u> through Lots one and two and 1044 acres off the East
> side of Lot three, all in Section five, Township two North of Range nine
> West of the Willamette Meridian, said <u>strip</u> containing seven acres and
> center line being more particularly described as follows:-
>
> * * * [Description] * * *
>
> Together with the appurtenances, tenements and hereditaments
> thereunto belonging or in anywise appertaining[.]
>
> To Have and to Hold unto the above named grantee and unto its
> successors and assigns forever.
>
> The grantors above named do covenant that they are seised of the
> aforesaid premises in fee simple and that the same are free from all
> encumbrances, and that they will warrant and defend the premises herein
> granted unto the grantee aforesaid, and unto its successors and assigns
> against the lawful claims of all persons whomsoever.

Here, the amount of consideration paid was not nominal ($500), there is no

reference to a "right of way" in the title or body of the deed, and no mention of a railroad

purpose nor does the deed contain any requirement for the railroad to build structures

such as crossings, cattle guards, or fences.  As such, the court finds that the **Vantress 13/98 deed (Def.'s Ex. 115),** granted fee simple title to the railroad.

85.    The Watt 12/343 Deed

The **Watt 12/343 deed (Def.'s Ex. 116)** is entitled "No. 8225. Railway Deed." and provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One and 00/100 DOLLARS , [sic] The [sic] receipt whereof is hereby acknowledged, we, George Watt and Helen Watt, his wife[,] and Robert Watt and Lois A. Watt, his wife, hereinafter called the grantors, do bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and * * * to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:
>   "A strip of land sixty (60) feet wide being thirty (30) feet on each side of the center line of the railway o f [sic] the grantee as the same is surveyed and located through Lots One, two and three of Section Seven and Lot one of Section eight, all in Township One  North of Range ten Wes t [sic] of Willamette Meridian.
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
> TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.
> The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does.  Here, even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to

112

build structures such as crossings, cattle guards, or fences, the court finds that the **Watt 12/343 deed (Def.'s Ex. 116)**, conveyed fee simple title to the railroad.

86.    The Watt 12/344 Deed

The **Watt 12/344 deed (Def.'s Ex. 117)** is entitled "No. 8226. Railway Deed." and provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One and 00/100 DOLLARS, the receipt whereof is hereby acknowledged, we, George Watt and Helen Watt, husband and wife, hereinafter called the grantors, do bargain, sell, grant, convey and confir, [sic] to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:
>
> "A strip of land one hundred (100) feet wide being fifty (50) feet on each side * * * of the center line of the railway of the grantee as the same in [sic] surveyed and located through Lot one of Section nine and also through the tide land fronting and abutting upon Lots One [sic] and Four [sic] of said Section nine;  also through Lot one of Section sixteen and the tide fronting and abutting upon said Lot one of Section sixteen, all in Township two North of Range ten West of Willamette Meridian.  Save and except a tract 105 feet by 210 feet in Lot 1 of Section 9, Township 2 North Range 10 West reserved by G. M. Lock.
>
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
>
> TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.
>
> The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and[]unto its successors and assigns against the lawful claims of all persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the same way that a deed entitled "Right of Way Deed" does.  Here, even though the amount

of consideration is nominal ($1), without any "right of way" language in the title or body

of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to

build structures such as crossings, cattle guards, or fences, the court finds that the **Watt**

**12/344 deed (Def.'s Ex. 117)**, conveyed fee simple title to the railroad.

87.    The Watt 12/345 Deed

The **Watt 12/345 deed (Def.'s Ex. 118)** is entitled "No. 8227. Railway Deed." and

provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That for and in consideration
> of the sum of One and 00/100 DOLLARS, the receipt whereof is hereby
> acknowledged, we, John Watt and Sarah M. Watt[,] husband and wife, hereinafter
> called the grantors, do bargain, sell, grant, convey and confirm [sic] to PACIFIC
> RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and
> to its successors and assigns forever, all of the following described real property
> situate in the County of Tillamook and State of Oregon, to-wit:
> "A **strip of land** one hundred (100) feet wide being fifty (50) feet on each
> side of the center line of the railway of the grantee as the same in [sic] surveyed
> and located **through** Lots two, three and four of Section nine, in Township two
> North of Range ten West of Willamette Meridian[.]
> Together with the appurtenances, tenements and hereditaments thereunto
> belonging or in anywise appertaining.
> TO HAVE AND TO HOLD unto the above named grantee, and unto its
> successors and assigns forever.
> The grantors above named do covenant that they are seised of the aforesaid
> premises in fee simple, and that the same are free from all encumbrances, and that
> they will warrant and defend the premises herein granted unto the grantee
> aforesaid, and[]unto its successors and assigns against the lawful claims of all
> persons whomsoever.

As discussed above in the court's analysis of the **Batterson 12/163 deed (Def.'s**

**Ex. 5),** the court does not find that the term "Railway Deed" indicates an easement in the

same way that a deed entitled "Right of Way Deed" does.  Here, even though the amount

of consideration is nominal ($1), without any "right of way" language in the title or body

of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Watt 12/345 deed (Def.'s Ex. 118)**, conveyed fee simple title to the railroad.

88.    The Western Timber 77/108 Deed

The **Western Timber 77/108 deed (Def.'s Ex. 119)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS, ThAt [sic] the Western Timber Co., a corporation organized and existing under the laws of the State of Washington, for and in consideration of the sum of the sum of One Dollar ($1.00) and other valuable considerations to it paid, the receipt whereof is hereby acknowledged, does hereby bargain, sell, grant, convey and confirm to the Pacific Railway and Navigation Company, a Corporation, and to its successors and assigns forever, all of the following described real property situate in the County Washington, State of Oregon, to-wit:-
> A strip of land one hundred (100) feet in width, being fifty (50) feet on each side of and parallel with the center line of the track of the Pacific Railway and Navigation Company, as the same is surveyed, located and adopted through the northeast quarter of Section Twenty seven (27) and the southeast quarter of Section Twenty two (22), in Township Three (3) North, Range Five (5) West of the Willamette Meridian, said center line being described as follows:
> * * * [Description] * * *
> Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining. <u>Reserving, however, unto the said Western Timber Co. , [sic] its successors and assigns, the right to cross said right of way at any point or points where such crossing is desired.</u> TO HAVE AND TO HOLD unto the said Pacific Railway and Navigation Company, and to its successors and assigns forever.
> The aforesaid grantor, the Western Timber Co., does here covenant that it is the owner in fee simple of the above granted premises and that it will forever warrant and defend the same unto the grantee, its successors and assigns forever, against the lawful claims of all persons whomsoever.

Here, the court finds that the deed's use of the phrase "right of way" is a description of the interest being conveyed.  Additionally, the amount of consideration is nominal ($1) and the grantor retained a right to cross the right of way at any points it

115

desired.  Therefore, the court finds that the **Western Timber 77/108 deed (Def.'s Ex. 119)**, conveyed an easement to the railroad.

89.    The Westinghouse 84/54 Deed

The **Westinghouse 84/54 deed (Def.'s Ex. 120)** is a form deed and provides in pertinent part:

> Know all Men by these Presents, *THAT*
> We, G. E. Westinghouse and Ida C. Westinghouse[,] his wife
> of      Timber      * * *      *State of Oregon, in consideration of*
> Six hundred and seventy five                DOLLARS,
> *to*      us      *paid by* Pacific Railway and Navigation Company[,]
> its successors and assigns
> *of  * * * *  State of Oreg*on * * *
> * * * * * * ha[ve]    *bargained and sold, and by these presents do grant,*
> *bargain, sell and convey unto said*
>   Pacific Railway Navigation Company[,]
> *heirs and assigns, all the following bounded and described real property,*
> *situated in the County of Washington and State of Oregon*
>      A strip of land one hundred fEet [sic] in width, being fifty feet on each
> side of and parallel with the center line of the tracks of the Pacific Railway
> and Navigation Company on the Nehalem line and also on the Salmonberry
> line <u>as the same are surveyed and located</u> through the North West quarter of
> Section, [sic] twenty seven (27) in Township three (3) North of Range five
> (5) West W. M. and containing seven and one tenth (7 1/10) acres no more
> and no less
> * * * * * * [Empty space] * * * *
> *Together with all and singular the tenements, hereditaments and*
> *appurtenances thereto belonging or in anywise appertaining, and also all*
>      our      *estate, right, title and interest in and to the same,*
> *including dower and claim of dower.*
>      *TO HAVE AND TO HOLD the above described and granted premises*
> *unto the said*
>      Pacific Railway and Navigation Company and to  its successors
> * * * *and assigns forever. And*
>      G. E. Westinghouse and Ida C. Westinghouse
>       *grantor  s* [sic] *above named do    covenant to and with*
>          the Pacific Railway and Navigation Co

*the above named grantee*[,] its succe[ssors][]*and assigns that*   we are lawfully seized      *in fee simple of the above granted premises, that*      the above granted premises      *are free from all incumbrances*
* * * [Empty space] * * *
          *and that*   we   *will and*   our   *heirs, executors and administrators shall warrant and forever defend the above granted premises, and ever part and parcel thereof, against the lawful claims and demands of all persons whomsoever.*
(italics in original).

Here, the amount of consideration paid was not nominal ($665), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds that the **Westinghouse 84/54 deed (Def.'s Ex. 120)**, granted fee simple title to the railroad.

90.    The Westinghouse 85/39 Deed

The **Westinghouse 85/39 deed (Def.'s Ex. 121)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That I, John F. Westinghouse, a single man[,] for and in consi deration [sic] of the sum of One Dollars, [sic] to me in hand paid, the receipt whereof is hereby acknowledged, do hereby bargain, sell, grant,[]convey and confirm to Pacific Railway and Navigation Company, and to its successors and assigns forever, all of the following described real property situate in the County of Washington and State of Oregon, to-wit:
A strip of land one hundred (100) feet in width, being fifty (50) feet on each side of and parallel with the center line of the track of the Pacific Railway and Navigation Company, as the same is surveyed and located through a strip of land more particularly described as the West one half of Southwest one quarter and the Southwest one quarter of Northwest one quarter of Northwest one quarter [of] Sec.[]26, T 3 N. R. 5 W., Willamette Meridian and containing four and forty two hundredths (4.42) acres more or less. Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.
TO HAVE AND TO HOLD to the said Pacific Railway and Navigation Company, and to its successors and assigns forever.

The aforesaid grantor John F. Westinghouse does hereby he is the owner in fee simple of the ab[o]ve grante[d] premises, and that he will forever qarrant [sic] and defend the same unto the Pacific Railway and Navigation Company, its successors and assigns against the lawful claims of all persons whomsoever.

Even though the amount of consideration paid was nominal ($1), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds that the **Westinghouse 85/39 deed (Def.'s Ex. 121)**, granted fee simple title to the railroad.

91.    The Wheeler 16/2 Deed

The **Wheeler 16/2 deed (Def.'s Ex. 122)** provides in pertinent part:

Know All Men by These Presents: That Coleman H. Wheeler and Cora E. Wheeler, hereinafter called the grantors, for and in consideration of the sum of $1.00 to them in hand paid, the receipt whereof is hereby acknowledged, <u>does [sic] hereby release, remit and forever quit claim [sic] unto Pacific Railway and Navigation Company, hereinafter called the grantee, its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit: A</u> right of way <u>60 feet in width, being 30 feet on each side of and parallel with the center line of the grantee's railway as the same is surveyed, staked out, located and adopted through the following described real property, to-wit:</u>

All that tract or parcel of land in Lots Four (4) and Five (5) of Section Two (2), Township Two (2) North of Range Ten (10) West of the Willamette Meridian
Beginning at the Northeast corner of Charles Seaman's four acre tract on the meander line of the Nehalem River; thence Easterly along and up said River sixteen (16) rods; thence South twenty (20) rods parallel with Charles Seaman's line; thence West to Charles Seaman's East line; thence North to the Nehalem River to the place of beginning and containing two acres more or less.
Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

> To Have and to Hold to the above named grantee and to its successors and assigns forever.

This deed uses the phrase "right of way" in the granting clause to describe the geographic location of the interest being conveyed.  Even though the amount of consideration is nominal ($1), without any mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Wheeler 16/2 deed (Def.'s Ex. 122)**,  granted fee simple title to the railroad.

92.    The Wheeler Lumber 16/3 Deed

The **Wheeler Lumber 16/3 deed (*Albright*, ECF No. 34, Ex. 82)** provides in pertinent part:

> Know All Men by These Presents: That for and in consideration of the sum of $1.00 to it in hand paid, the receipt whereof is hereby acknowledged, The Wheeler Lumber Company, hereinafter called the grantor, does hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the county of Tillamook and State of Oregon, to-wit:
> A strip of land 60 feet in width, being thirty 30 feet on each side of and parallel with the center line of the grantee's railway as the same is located, staked out, and surveyed through the following described three parcels of real property, to-wit:
> * * * * [Describing the three parcels through which the strip being conveyed runs] * * *
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
> To Have and to Hold to the above named grantee and to its successors and assigns forever; the grantors confirming also to the grantee, its successors and assigns, the right to build, maintain and operate a line of railway thereover.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes. Here, even though the amount of consideration is nominal ($1.00), without any "right of way" language in the title or body of the deed nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Wheeler Lumber 16/3 deed** (**Albright**, **ECF No. 35, Ex. 82),** conveyed fee simple title to the railroad.

93.     The Wheeler Lumber Co. 16/5 Deed

The **Wheeler Lumber Co. 16/5 deed (Def.'s Ex. 123)**, which is very similar to the above-analyzed Wheeler Lumber Co. 16/3 deed, provides in pertinent part:

> Know All Men by These Presents, that for and in consideration of the sum of One Dollar ($1.00) to it in hand paid, the receipt whereof is hereby acknowledged, The Wheeler Lumber Company, hereinafter called the grantor, does hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the county of Tillamook and state of Oregon, to-wit:
>
> A strip of land sixty feet in width being thirty feet on each side of and parallel with the center line of the grantee's railway as the same is last located, staked out, surveyed and being constructed through Lots Four (4), Five[](5), Six[](6) and that part of Lot Three (3) lying west of the lands in said lot heretofore conveyed by said grantor to Willie G. Du Bois, all in Section Three (3) and the East Half (E ½) of Lot One (1) in Section Four (4) and through all tide lands fronting and abutting on all of the above described lands, all in Township Two[](2), North Range Ten (10) West Willamette Meridian.
>
> Also, a strip of land sixty feet in width being thirty feet on each side of  and parallel with the center line of the grantee's railway as the same is last located, staked out, surveyed and being constructed through all the tide lands fronting and abutting on that part of said Lot Three (3) in said Section Three (3) in said Township Two[](2) North, Range Ten (20) West, Willamette Meridian, described as follows: * * * * [Describing the land through which the strip being conveyed runs] * * *

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

To Have and to Hold to the above named grantee and to its successors and assigns forever; the grantors confirming also to the grantee, its successors and assigns, the right to build, maintain and operate a line of railway thereover.

The aforesaid grantor does hereby covenant that it is the owner in fee simple of the above granted premises, and that it will warrant and defend same unto the said grantee aforesaid, its successors and assigns, against the lawful claims and demands of all persons whomsoever.

For the same reasons as discussed in this court's review of the **Alley 5/475 deed**, the court finds that the language confirming that the land granted can be used for railroad purposes does not limit the railroad's use to only railroad purposes.  Here, even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Wheeler Lumber Co. 16/5 deed (Def.'s Ex. 123)**, conveyed fee simple title to the railroad.

94.    The Williams 6/607 Deed

The **Williams 6/607 deed (Def.'s Ex. 125)** provides in pertinent part:

George H. Willaims et ux             RAILWAY DED
      -to-                           No. 4113.
P. R. and N. Co.

KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of the sum of Ten 00/100 DOLLARS[,] the receipt whereof is hereby acknowledged, and other valuable consideration moving to them[,] George H. Williams and Bessie Williams, his wife,, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:

"A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is

surveyed and located through Lots Three, [sic] Four, [sic] Five [sic] and Six [sic] of Block Eleven [sic] in Cone and McCoy's Addition to Bay City, according to the plat thereof of record in Tillamook County, Oregon.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever.

The grantors above named do covenant that they are seized of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

Here, the amount of consideration paid was not nominal ($10), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences. As such, the court finds that the **Williams 6/607 deed (Def.'s Ex. 125)**, conveyed fee simple title to the railroad.

95.     The Wilson 75/244 Deed

The **Wilson 75/244 deed (Def.'s Ex. 126)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That we Brice Wilson and Sarah E. Wilson[,] husband and wife, for and in consideration of the sum[]of One Dollars, [sic] to them in hand paid, the receipt whereof is hereby acknowledged, do hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, and to its successors and assigns forever, all of the following described real property situate, in the County of Washington and State of Oregon, to-wit:

A strip of land one Hundred [sic] feet in width, being fifty feet on each side of and parallel with the center line of the track of the Pacific Railway and Navigation Company, as the same is surveyed and located through the East half of the Northeast quarter of Section twenty eight (28) in Township three (3) North Range five (5) West of the Willamette Meridian.

The said center line enters said land about 1185 feet south of the Northeast corner and runs southwesterly across the same to a point about 105 feet west of the South east [sic] corner thereof.

Together with the tenements, hereditaments and appurtenances, thereunto belon[g]ing or in anywise appertaining.

TO HAVE AND TO HOLD to the said Pacific Railway and Navigation Company, and to its successors and assigns forever.

The aforesaid Brice Wilson and Sarah E. Wilson do hereby covenant that they are the owners in fee simple of the above granted premises, and that they will forever warrant and defend the same unto the Pacific Railway Company, its successors and assigns, against the lawful claims of all persons whomsoever.

Even though the amount of consideration is nominal ($1), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Wilson 75/244 deed (Def.'s Ex. 126)**, conveyed fee simple title to the railroad.

96.    The Woodbury 16/481 Deed

The **Woodbury 16/481 deed (Def.'s Ex. 127)** is entitled "No. 10888 Warranty Deed" and provides in pertinent part:

Know All Men by These Presents: That for and in consideration of the sum of Ten ($10.00) Dollars, to them in hand paid, the receipt whereof is hereby acknowledged, and of other valuable considerations, E. D. Woodbury and Maude Woodbury, his wife,, hereinafter called the grantors, do bargain, sell[,] grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, the following described real property situate in the County of Tillamook and State of Oregon, to wit:

A strip of land sixty (60) feet in width, being thirty (30) feet on each side of the center line of the grantee's railway as the same is surveyed and located through the following described real property, to wit:

* * * [Describing the property through which the strip conveyed runs] * * *

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining,

To Have and to Hold to the grantee, and to its successors and assigns forever.

123

The grantors covenant with the grantee that they will warrant and defend the premises herein granted against the lawful claims and demands of all persons whomsoever claiming by, through or under the grantors or either of them.

Here, the amount of consideration paid was not nominal ($10), there is no reference to a "right of way" in the title or body of the deed, and no mention of a railroad purpose nor does the deed contain any requirement for the railroad to build structures such as crossings, cattle guards, or fences.  As such, the court finds that the **Woodbury 16/481 deed (Def.'s Ex. 127)**, conveyed fee simple title to the railroad.

97.     The Woodbury 23/399 Deed

The **Woodbury 23/399 deed (Def.'s Ex. 128)** provides in pertinent part:

Know All Men by These Presents: That we, E.E. Woodbury and Maude Woodbury, his wife, the grantors, in consideration of the sum of Two + $\frac{00}{100}$ Dollars, paid by Pacific Railway and Navigation, the grantee herein, the receipt whereof is hereby acknowledged, have bargained and sold, and by these presents do bargain, sell, transfer and convey unto said Pacific Railway and Navigation Company, an Oregon Corporation, and to its successors and assigns forever, a strip of land sixty (60) feet in width, being thirty (30) feet on each side of the center line of the railway of said Company as the same is now located, staked out, and operated through Section Twenty-Nine (29), Township Two (2) North, Range Ten (10) West of the Willamette Meridian. Which strip lies between the line between Sections 29 and 32 on the South and the North boundary of North Street of said Lake Lytle Tract, as the same is platted in and by Lake Lytle Plat and between Blks. [sic] 1, 7 and 3 of Lake Lytle on the East and Blks [sic] 4, 8 and 14 of Lake Lytle on the West.
To Have and to Hold the above described premises unto the said Pacific Railway and Navigation Company and to its successors and assigns forever.

Even though the amount of consideration is nominal ($2), without any "right of way" language in the title or body of the deed, and no mention of a railroad purpose, nor

any requirement for the railroad to build structures such as crossings, cattle guards, or fences, the court finds that the **Woodbury 23/399 deed (Def.'s Ex. 128)**, conveyed fee simple title to the railroad.

98.   The Wright-Blodgett Co. 15/493 Deed

The **Wright-Blodgett Co. 15/493 deed (Def.'s Ex. 129)** is entitled "Right of Way Deed. NO. 10598" and provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That , [sic] in consideration of the sum of[]Ten (10) Dollars, the receipt whereof is hereby acknowledged, and other valuable considerations moving to it, WRIGHT-BLODGETT COMPANY , [sic] LIMITED, hereinafTer [sic] called the grantor, does bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, a strip of land one hundred (100) feet in width, being fifty (50) feet on each side of and parallel with the center line of the railway of the grantee, as the same is surveyed, staked out and located through the following described real property situate in the County of Tillamook and State of Oregon, to-wit :- [sic]
      * * * [Describing the property through which the strip conveyed runs] * * *
          Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
          TO HAVE AND TO HOLD to the grantee and to its successors and assigns forever.
          Provided, however, and this conveyance is made upon the express understanding and condition that the grantor reserves to itself, its successors and assigns, the right to construct across the strip of land herein conveyed and across the railway of the grantee constructed thereon, a logging railroad, without compensation to the grantee, its successors and assigns, said crossing to be at grade and at some suitable point, the point of crossing and the manner of its construction to be subject to the approval of the chief engineer of the grantee and an engineer to be selected by the grantor; the said logging railroad to be operated at all times in such a manner as not to interfere with the operation by the[]grantee of its railway over said strip of land.
          And further provided that the grantee dur ing [sic] the construction of its railway upon the right of way herein granted shall indemnify and save harmless the grantor from loss or damage by fire to its remaining timber

125

upon the land across which right of way <u>is herein granted</u>, and its acceptance to this grant may be deemed its obligation so to do.

The grantor covenants with the grantee that it will warrant and defend the premises herein granted against all lawful claims and demands of all persons claiming the same, by, through or under the grantor.

This deed is entitled "Right of Way Deed" and contains "'language relating to the use or purpose to which the land is to be put or in other ways cutting down or limiting, directly or indirectly, the estate conveyed[.]'" *Bouche*, 293 P.2d at 209 (quoting 132 A.L.R. 145). The deed specifically states that "this conveyance is made upon the express understanding and condition that the grantor reserves to itself, its successors and assigns, the right to construct across the strip of land herein conveyed and across the railway of the grantee constructed thereon, a logging railroad, without compensation to the grantee, its successors and assigns, said crossing to be at grade and at some suitable point, the point of crossing and the manner of its construction to be subject to the approval of the chief engineer of the grantee and an engineer to be selected by the grantor; the said logging railroad to be operated at all times in such a manner as not to interfere with the operation by the[]grantee of its railway over said strip of land." The fact that the grantor reserved to itself the right to construct a logging railroad across the lands conveyed in the deed is inconsistent with the grant of a fee to the railroad and thus indicates the original parties' intent to only grant an easement. The deed also provides that "the grantee dur ing [sic] the construction of its railway upon the right of way herein granted shall indemnify and save harmless the grantor from loss or damage by fire to its remaining timber upon the land across which right of way is herein granted, and its acceptance to this grant may be deemed its obligation so to do." This language also suggests the grant

of only an easement.  The court finds that the **Wright-Blodgett Co. 15/493 deed (Def.'s Ex. 129)**, conveyed an easement to the railroad.

99.    The Wright-Blodgett Co. 105/393 Deed

The **Wright-Blodgett Co. 105/393 deed (Def.'s Ex. 130)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That , [sic] in consideration of the sum of Ten (10) Dollars, the receipt whereof is hereby acknowledged, and other valuable considerations moving to it, WRIGHT-BLODGETT COMPANY, LIMITED, hereinafter called the grantor, does hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee , [sic] and to its successors and assigns , [sic] a **strip of land** one hundred (100) feet in width, being fifty (50) feet on each side of and parallel with the center line of the railway of the grantee, as the same is surveyed, staked out nad [sic] located through the following described real property situate in the County of  Washington and State of Oregon,[] to-wit:-
>          * * * [Describing the property through which the strip conveyed runs] * * *
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.     TO HAVE AND TO HOLD to the grantee and to its successors and assigns forever.    Provided, however , [sic] and this conveyance is made upon the express understanding and condition that the grantor resreves [sic]  to itself, its successors and assigns, the right to construct across the strip of land herein conveyed and across the railway of the grantee constructed thereon, a logging railroad, without compensation to the grantee, its successors and assigns, said crossing to be at grade and at some suitable point, the point of crossing and the manner of its construction to be subject to the approval of the chief engineer of the[]grantee and an engineer to be selected by the grantor; the said logging railroad to be operated at all times in such a manner as not to interfere with the operation by the[]grantee of its railway over said strip of land.     And further provided, that the grantee during the construction of its railway upon the right of way <u>herein granted</u> shall indemnify and save harmless the grantor from loss or damage by fire to its remaining timber upon the land across which right of way <u>is herein granted</u>, and its acceptance to this grant may be deemed its obligation so to do.

> The grantor covenants with the grantee that it will warrant and defend the premises herein granted against all lawful claims and demands of all persons claiming the same by ,[]through [sic] or under the grantor.

As described above in the courts analysis of **Wright-Blodgett Co. 15/493 deed (Def.'s Ex.139)**, this includes purpose language or limiting language establishing that an easement and not fee was intended to be conveyed.  Therefore, the court finds that the **Wright-Blodgett Co. 105/393 deed (Def.'s Ex. 130)**, conveyed an easement to the railroad.

## VIII.  Conclusion

For the foregoing reasons the court **GRANTS-IN-PART** and **DENIES-IN-PART** the parties' motions for partial summary judgment.  The parties shall have until **September 7, 2018**, to file a proposed schedule for resolving the remaining issues in these cases.  The court will thereafter schedule a status conference to finalize the parties' next steps.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge